**David L. HOODENPYLE, Respondent,**

v.

**SCHNEIDER BAILEY, INC., Appellant.**

**No. WD 38900.**

Missouri Court of Appeals,
Western District.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1988.

Application to Transfer Denied
May 17, 1988.

Kenneth Morgens, Kansas City, for appellant.

James S. Formby, Kansas City, for respondent.

Before KENNEDY, C.J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This appeal involves an action for replevin and conversion brought by the owner of a taxicab against the owner of a motor vehicle service center. The service center, Schneider Bailey, Inc., appeals from a judgment on a verdict in favor of the cab owner, David L. Hoodenpyle.

Hoodenpyle initiated the transaction that eventually resulted in the lawsuit by taking his cab, a 1978 Plymouth, to Schneider Bailey for repair in early September, 1982. After two or three days, the problem was identified and he was given an estimate of repair costs of between $250 and $300. The parties dispute what the estimate represented; Hoodenpyle understood it to be the total cost of the repair, and Schneider Bailey asserting somewhat incredibly that it was for parts only and that Hoodenpyle had expressed no interest in labor costs or in the total cost of the repair. Twenty-two days after the go ahead for the work was

given, Hoodenpyle was advised the car was ready. He was presented with a repair bill for nearly $800. Hoodenpyle contended most of the work was unauthorized. His offer of $300 to settle the matter was refused on several occasions. Schneider Bailey retained control of the taxicab demanding payment of the entire bill. Hoodenpyle filed his action in November, 1983. The suit sought to replevin the car and for damages in the form of revenue lost by Hoodenpyle from rentals of the cab to other drivers or his use of the cab.

Interrogatories were sent to Schneider Bailey by Hoodenpyle in early February, 1984. Two months later, in April, 1984, Schneider Bailey had not answered and Hoodenpyle sent the "golden rule" letter required by local rules of the circuit court prior to moving to compel answers. In late May, 1984, the court issued an order in response to Hoodenpyle's motion which compelled Schneider Bailey to answer within fifteen days. The order noted that failure to answer would result in *sua sponte* imposition of sanctions. Within the time period, Schneider Bailey filed answers to some of the interrogatories and filed objections to others. Believing that objections were not acceptable under the court's order, Hoodenpyle sent a second "golden rule" letter to Schneider Bailey in mid-July, 1984, seeking answers to the interrogatories to which objections were made. Receiving no response, Hoodenpyle moved for sanctions in late August. On September 19, 1984, the trial court sustained the motion for sanctions and entered judgment by default in favor of Hoodenpyle, limiting trial of the case to the issue of damages. Separate motions by Schneider Bailey to reconsider and to reinstate its pleadings were overruled.

Two jury trials were held solely on the amount on damages. The first, which ended in November, 1985, resulted in a total judgment for Hoodenpyle for $25,985.00. In February, 1986, however, the trial court sustained Schneider Bailey's motion for a new trial as to damages. The second trial, the case now on appeal was tried in September, 1986, and ended with judgment in favor of Hoodenpyle for $27,193.00. Hoo-

denpyle, without his cab since 1982, was awarded $1300.00 on the replevin count representing the car's value, and $24,392.00 loss of use. On the conversion count he got $1.00 actual and $1500 in punitive damages.

■ Schneider Bailey raises four main points on appeal. The first is the alleged error in sustaining Hoodenpyle's motion for sanctions and overruling its motions for reconsideration and reinstatement of pleadings. Under this point Schneider Bailey argues Hoodenpyle failed to comply with local sixteenth circuit court rules requiring the filing of an affidavit relating the "golden rule" communications, as well as the attaching of a copy of the written communication relied on in applying for sanctions. Schneider Bailey notes a provision of the local rule that failure to comply with the rule shall be sufficient ground for overruling the motion. Neglected by Schneider Bailey is the grant of discretion to the trial court in determining whether noncompliance results in overruling of the motion for sanctions. Given this discretion, this court will not disturb the action of the trial court.

■ Also under this point, Schneider Bailey argues the trial court "compounded the prejudicial error" by utilizing the drastic remedy of Rule 61.01(b). Supreme Court Rule 61.01 deals with discovery sanctions; subsection (b) deals specifically with the failure to answer interrogatories. The rule allows a court to enter an order striking pleadings, dismissing an action, or rendering a default judgment, among others, for the failure to timely answer or object to interrogatories. The court may act upon motion and reasonable notice and make such orders "as are just." Schneider Bailey contends its objections, on definitional and relevancy grounds, but without discussing timeliness, were properly raised and should preclude sanctions unless and until ruled upon. It concludes, therefore, the granting of sanctions was an abuse of discretion.

"The imposition of sanctions lies within the sound discretion of the trial court. Upon review, determination is made if

there has been an abuse of that discretion and the absence of any abuse requires the action of the trial court to be sustained." *Harting v. Stout,* 690 S.W.2d 458, 459 (Mo. App.1985); *Peoples–Home Life Insurance Company v. Haake,* 604 S.W.2d 1, 4 (Mo. App.1980). Here, both parties were aware of the consequences of failing to comply with the court's order calling for the filing of answers to interrogatories some of which went unanswered for over seven months before sanctions were imposed. *Portell v. Portell,* 643 S.W.2d 18, 20 (Mo. App.1982). A comparable case is *J & J Window Sales v. Mueller,* 567 S.W.2d 153 (Mo.App.1978). In *Mueller,* the court entered an order requiring the defendant to answer plaintiff's interrogatories. *Id.* On the last day that the defendant was allowed to answer the interrogatories, she filed answers to eight and objected to two. *Id.* at 154. The court entered judgment in accord with its order. *Id.* Noted by the court of appeals was the lack of any motion on the part of the defendant to be allowed to file objections or any ruling allowing the filing of late objections. *Id.* The court of appeals concluded the defendant had failed to observe the twenty day limit for filing answers to interrogatories, and had failed to comply with the court's order so that the court was acting well within its prerogatives under Rule 61.01(b) in imposing the sanction of striking the defendant's answer and rendering judgment by default against her. *Id.* On the similar facts here, it is held trial court was acting within the range of its discretion. This point is denied.

Schneider Bailey's second point is the jury had no reasonable criteria on which to base an award for loss of use of the cab because of the improper exclusion of evidence by the trial court of the income history of Hoodenpyle's taxicab business.

■ "The measure of damages in a replevin case is the use value of the property, which may be measured by its rental value." *Kansas City Diesel Power Company, Inc. v. Kirloskar, Inc.,* 647 S.W.2d 841, 849 (Mo.App.1983).

But rental value will not furnish the measure of damages for loss of use of an automobile. For the rental value of an automobile includes necessarily a substantial sum for wear and tear and depreciation. No definite general rule can be laid down except that the award by verdict or judgment should be fair and reasonable compensation, according to the circumstances of each case. * * * Elements ordinarily essential to such a finding would be the value of the automobile, its rental value, less the proportion of this rental value which covers the wear and tear and depreciation in the use of the automobile, and the period of necessary deprivation of use.

*Vetter v. Browne,* 231 Mo.App. 1147, 85 S.W.2d 197, 199 (1935). During the trial, Hoodenpyle testified to the value of the cab, its rental value as he rented it out, his expenses for maintenance, repair, and payments to Yellow Cab, as well as miscellaneous expenses. He also established the period of necessary deprivation. The jury had sufficient evidence on which to base an award for loss of use damages.

■ Schneider Bailey argues, however, that Hoodenpyle's federal income tax returns from prior years were relevant and should have been admitted to show income amounts less than would have been earned had the cab been available and rented out for the two shifts a day consistent with Hoodenpyle's testimony. Unfortunately, Schneider Bailey made no offer of proof at trial and leaves unclear here how the tax returns for a business, which included another cab in addition to the subject cab, could clarify or demonstrate periods of nonuse of the cab. "Generally, appellate courts will not review excluded evidence without a specific and definite offer of proof." *Frank v. Environmental Sanitation Management, Inc.,* 687 S.W.2d 876, 883 (Mo. banc 1985). "The offer must show all the facts necessary to establish the admissibility of the testimony sought to be introduced and must be specific and definite, not a mere statement of the conclusions of counsel." *Dunkin v. Reagon,* 710 S.W.2d 498, 499 (Mo.App.1986). The trial court rejected the use of the tax returns to contradict Hoodenpyle's testimony on availability and loss of use, stating it

was not relevant. Schneider Bailey made no effort to definitively establish the relevance and in fact admitted that the returns reflected gross income and not income which could be definitely traced to the particular vehicle. This argument must therefore be rejected.

■ Also under this point, Schneider Bailey argues that damages for loss of use should have reflected an amount for depreciation under *Vetter, supra*. Hoodenpyle acknowledged during cross-examination that his calculations did not account for depreciation, but he reminded the jury in closing that they could take into account necessary depreciation. No reversible error can be gleaned from this point. The *Vetter* case, *supra*, 85 S.W.2d at 199 holds that no definite general rule is possible. While depreciation was noted as "ordinarily essential," the overriding principle was that the judgment should be fair and reasonable according to the circumstances. Here, the award made by the jury is less than the amount potentially available consistent with the evidence, and can be characterized as fair and reasonable. Also, a finding that the market value of an operational vehicle valued at $800 would be subject to little, if any change, that is, that the depreciation that would presumably not occur because the cab was not in use would amount to very little to its owner in terms of value when the vehicle is worth only $800, would be entirely reaonable. The second point on appeal is overruled.

■ Schneider Bailey's third point on appeal is that the court's submission of Hoodenpyle's jury instructions containing the "ambiguous and inflammatory" legal terms "replevin" and "conversion" prejudiced Schneider Bailey. It contends a definition of the terms was required. The instructions complained of follow exactly the language of MAI 2.05 which is intended for use in designating applicable instructions when multiple claims are submitted. The Notes on Use for MAI 2.05 call for "a descriptive phrase which describes and identifies the claim" and refers to MAI 2.00 for examples of the appropriate identifying phrase. The instructions given are consistent in form with the examples and no discussion of the need for definition is included. The use of an MAI instruction is mandatory where there exists an applicable MAI instruction. *Callicoat v. Acuff Homes, Inc.*, 723 S.W.2d 565, 571 (Mo.App. 1987). *Baron v. Lerman*, 719 S.W.2d 72, 78 (Mo.App.1986). The decision to submit a definitional instruction is a matter within the sound discretion of the trial court. *DeWitt v. American Family Mutual Insurance Company*, 667 S.W.2d 700, 711 (Mo. banc 1984). When MAI does not require definition of the terms, definition is not required and may be an impermissible deviation. *Valiant v. American Family Mutual Insurance Company*, 698 S.W.2d 584, 587 (Mo.App.1985); *Jarrell v. Fort Worth Steel & Manufacturing Company*, 666 S.W.2d 828, 837 (Mo.App.1984). Given the applicability of this MAI and no requirement of definition, the court declines to find an abuse of discretion to the prejudice of Schneider Bailey. The third point on appeal is overruled.

■ Schneider Bailey's final point decries the trial court's allowing the plaintiff to amend the petition after the imposition of sanctions and to ask for more in damages. The car's worth, as pointed out earlier was pegged at $800.00—the additional $500.00 was for the yellow cab logo, radio connections, etc. The appellant points to § 511.160, RSMo 1986; Rule 74.11; and *Matter of Estate of Scholz*, 615 S.W.2d 459, 462 (Mo.App.1981), for the rule that relief granted on a default judgment may not be other or greater than that which was demanded in the petition originally filed and served. The appellant admits the new prayer of $1300 came as "no technical surprise" when compared to the first petition for $800 in damages. It asserts an abuse of discretion in allowing the amendment after its pleadings were stricken and a default ordered.

The facial appeal of this point is dispelled by *In Re Marriage of Dickey*, 553 S.W.2d 538, 539–40 (Mo.App.1977). There the husband's answer was stricken in a dissolution matter for refusal to make discovery, and

then went on for a default hearing. The court said at page 539:

> The rendition of judgment which follows the disallowance of a pleading for failure to obey a discovery order does not come by default, in the ordinary sense, but is treated as a judgment upon trial by the court. *Jewell v. Jewell,* 484 S.W.2d 668, 672[2] (Mo.App.1972). Thus, the principles which govern this appeal do not relate to default judgments as such, but to the discretion of the court—in the circumstances—to impose a sanction which renders the cause uncontested and subject to judgment.

The court continues by saying the judgment is not strictly a default, but derives from the sanction provisions of Rule 61.01. *Id.* at 540. It is like a judgment that would have occurred had not the defendant failed to produce the necessary information, creating a presumption there was no merit in the defense. *Id.* at 541. The rule in *Dickey* of a judgment resulting from Rule 61 on sanctions not being truly a default has been stated in the later cases of *Caldwell Paint Manufacturing Company v. Lebeau,* 591 S.W.2d 1, 5 (Mo.App.1979); *Portell v. Portell, supra,* at 20, and *Hayes v. Hayes,* 677 S.W.2d 933, 934 (Mo.App.1984). Such judgments are granted in the discretion of the trial court, *Dickey, supra,* at 541, and are treated as a judgment upon trial, *Portell, supra,* at 20. Because this type of judgment is regarded as distinct from a default judgment, the usual rules as to amendment apply. Pleadings may be amended by leave of court, Rule 55.33, and leave is to be given when justice requires. It is ruled in this case the allowance to amend did not constitute error. There was no abuse of discretion resulting from the allowing of the plaintiff to amend following sanctions.

The judgment is affirmed.