**Bob LUSTER and Elizabeth Luster, Plaintiffs–Appellants,**

v.

**Royce GASTINEAU, Jr., Defendant– Respondent.**

No. 20353.

Missouri Court of Appeals, Southern District, Division One.

Jan. 31, 1996.

Motion for Rehearing or Transfer Denied Feb. 20, 1996.

John C. Banning, Fitzsimmons, Schroeder, Nelson & Reynolds, Springfield, for plaintiffs-appellants.

Patricia A. Keck, Schroff, Glass & Newberry, P.C., Springfield, for respondent.

GARRISON, Judge.

Bob and Elizabeth Luster (Plaintiffs) appeal from an order dismissing their petition with prejudice as a result of failure to comply with discovery requests. We affirm.

Plaintiffs filed their petition on September 6, 1994, alleging that they each received injuries in an automobile accident on September 10, 1992 when a vehicle operated by Defendant struck theirs from behind. Plaintiff Bob Luster alleged that he sustained a cervical strain, and as a result he had and would continue to experience neck pain and tightness, as well as mental anguish and diminution of the enjoyment of life. Elizabeth Luster alleged a cervical strain, shoulder strain and myositis with continuing neck pain, shoulder pain, and muscle spasms.

On November 15, 1994, Defendant filed an answer and served individual interrogatories on each of the Plaintiffs, together with a request for production of documents[1] and a request for the execution of an authorization to inspect and copy medical records. On January 3, 1995, Defendant filed a motion to compel discovery alleging that none of the discovery requests had been complied with even though on December 15, 1994, his counsel had written Plaintiffs' attorney requesting that they provide responses. The motion requested that the petition be stricken and a judgment entered in favor of Defendant unless Plaintiffs "serve complete and unevasive answers to said interrogatories, responses to the request for production of documents and signed medical authorizations" within twenty days. On February 17, 1995, the trial court entered the following order: "Motion To Compel Discovery sustained. Pleading to be stricken if order not complied with without cause in 30 days."

Plaintiffs served answers to the interrogatories and responses to the request for production on March 15, 1995. On March 21, however, Defendant filed motions to compel Plaintiffs to be more definite and certain in their answers to interrogatories and with regard to one of the requests for production of documents. The motions correctly alleged that seven of the thirteen interrogatories to each of the Plaintiffs were answered evasively.[2] The motion relating to the request for production concerned the failure to produce repair estimates for Plaintiffs' car. Defendant also gave notice that those motions would be heard on May 19, 1995.

On May 5, 1995, Defendant also filed a motion to strike Plaintiffs' pleadings alleging the procedural history of the discovery requests, that Plaintiffs had been ordered on February 17, 1995 to respond to the discovery requests within thirty days or have their pleadings stricken, and that Plaintiffs had provided some evasive discovery responses but still had not furnished medical authorizations. The motion requested that Plaintiffs' pleadings be stricken in accordance with the court's order of February 17, 1995. That motion was also called up for May 19, 1995, but all of the motions were passed on that date.

On June 9, 1995, Plaintiffs filed a motion to dismiss without prejudice in which they alleged that they had been ordered to provide additional discovery, but that Plaintiff Bob Luster was hospitalized in intensive care,[3] and as a result the Plaintiffs could not reasonably be expected to pursue the case at that time. This motion was called up for June 16, 1995.

---

1. The record before us does not include a copy of the request for production.

2. Several of the answers referred the reader to medical records for the information requested, although the records were apparently not attached and medical authorizations were never furnished.

3. The record indicates that this and other hospitalizations of Bob Luster during the pendency of this suit were apparently for conditions other than those alleged to have occurred as a result of the accident in question.

On June 16, 1995, the trial court made an order dismissing Plaintiffs' petition with prejudice.[4] That was followed by Plaintiffs' Motion To Reconsider And Vacate filed on July 11, 1995, in which they alleged that their petition had been dismissed with prejudice because of the "failure to produce medical and tax return authorizations," which was caused by Plaintiff Bob Luster's ill health.

Plaintiffs presented the testimony of Elizabeth Luster in support of their motion to reconsider. She testified that she learned from her attorney that she was supposed to provide some discovery around the first of the year, and that her husband was in the hospital for ten to fourteen days in February. She also testified that she was notified more than once that the court had ordered them to sign medical and tax authorizations, and that, although she had known that she should do so for quite some time, she had not signed them until recently. Her explanation was that she was worried about her husband and it was "just something I let slide and I shouldn't have." She also acknowledged to the court that she and her husband had signed and filed their income tax returns in 1995. The court denied the motion to reconsider.

In their sole point on this appeal, Plaintiffs allege that the trial court abused its discretion in dismissing their suit with prejudice because of their failure to execute and produce medical and tax return authorizations. They contend that this sanction was too severe because there was good cause for their failure to do so, and there was no showing that it resulted from a "contemptuous" disregard for the trial court's authority. In the argument portion of their brief, Plaintiffs tacitly admit that some sanction was appropriate, but they argue that the dismissal should not have been with prejudice.

■ Trial courts are vested with discretion about whether to impose sanctions for discovery violations, and the exercise of that discretion will not be disturbed on appeal unless it is exercised unjustly. *Sher v. Chand*, 889 S.W.2d 79, 82 (Mo.App.E.D. 1994). On appeal, our task is to determine whether the trial court could have reasonably concluded as it did, and not to determine whether we would have imposed the same sanctions under those circumstances. *See Green v. Fleishman*, 882 S.W.2d 219, 222 (Mo.App.W.D.1994).

■ Rule 61.01(b) and (d), V.A.M.R., authorize the imposition of sanctions for the failure to answer interrogatories and comply with requests for production. In both instances, the striking of pleadings and the dismissal of actions are authorized. Rule 61.01(b)(1) and (d)(2). Dismissal of a petition, as a sanction for failure to comply with discovery requests, can be with prejudice. *Wipke v. Louisiana Farm Supply, Inc.*, 622 S.W.2d 772, 773–74 (Mo.App.E.D.1981). *See also State ex rel. Willens v. Gray*, 757 S.W.2d 656, 657–58 (Mo.App.W.D.1988); *Baughn v. Rapidways Truck Leasing Co.*, 698 S.W.2d 618, 620 (Mo.App.E.D.1985); *Amick v. Horton*, 689 S.W.2d 369, 377 (Mo.App.S.D.1985); *Great Western Trading Co. v. Mercantile Trust Co.*, 661 S.W.2d 40, 43 (Mo.App.E.D. 1983).

It has been said that dismissal of a petition with prejudice is a drastic punishment which is most aptly invoked when the party has shown a " 'contumacious and deliberate disregard for the authority of the court.' " *Wipke v. Louisiana Farm Supply, Inc.*, 622 S.W.2d at 774 (quoting *In re Marriage of Dickey*, 553 S.W.2d 538, 541 (Mo.App.1977)). In *Portell v. Portell*, 643 S.W.2d 18, 20 (Mo.App. E.D.1982), the appellate court affirmed entry of a default judgment as a sanction for the failure to answer interrogatories. The court noted that interrogatories had gone unanswered for three and one-half months before the sanction was imposed, which translated into "a display of contumacious and deliberate disregard for the trial court's authority." *Id.*

---

4. While the record does not affirmatively show that Plaintiffs had notice that Defendant's motions would be heard on June 16, Plaintiffs make no issue on this appeal concerning lack of notice or opportunity to be heard.

In the instant case, Plaintiffs apparently contend that the trial court dismissed their petition solely because the requested authorizations were not produced. The record before us does not support that conclusion. In that regard, we note that in the seven month period between service of the interrogatories and the dismissal of the petition, the only answers either of the Plaintiffs made to seven of the thirteen interrogatories were evasive. Rule 61.01(a) provides that evasive or incomplete answers are to be treated as a failure to answer.

Over the same seven month period, Plaintiffs also failed to sign and deliver authorizations for medical records and tax returns, despite the fact that they were reminded by Defendant's counsel in December, 1994 that they had not done so; on February 17, 1995 the court entered an order that their pleadings would be stricken if they did not do so within thirty days; and forty days before the order dismissing their petition, Defendant filed a motion to strike their pleadings, citing their failure to appropriately respond to discovery. Additionally, Plaintiff Elizabeth Luster admitted that she had been reminded of the need to sign the authorizations more than once, but she failed to do so even though she and her husband conducted other necessary business such as signing and filing their tax return.

Under these circumstances, we are unable to conclude that the trial court abused its discretion. The order dismissing Plaintiffs' petition with prejudice is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.