Mark S. **WOLANSKY**, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI**, Appellant.

No. 20727.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 9, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Ronald D. Pridgin, Special Asst. Attorney

General, Mo. Dept. of Revenue, Jefferson City, for appellant.

David Timmerman, Springfield, for respondent.

GARRISON, Judge.

The Missouri Director of Revenue ("Director") appeals from the trial court's judgment setting aside the suspension of the driver's license of Respondent Mark S. Wolansky ("Licensee") for a violation of RSMo Chapter 303, the Motor Vehicle Financial Responsibility Law. We reverse and remand.

Licensee was cited for speeding on September 26, 1994 and was unable to provide the officer with proof of insurance. Pursuant to § 303.024.5,[1] the Director was notified of Licensee's failure to provide that documentation. Following Director's selection of Licensee for processing pursuant to § 303.026.3, Licensee received notice that his driver's license would be suspended unless he either produced evidence showing that he possessed insurance on his vehicle the day he was cited for speeding or requested a hearing.

Licensee requested and received a hearing before the Administrative Hearing Section of the Missouri Department of Revenue. The hearing officer determined that Licensee had violated § 303.025 by operating his vehicle without maintaining financial responsibility, and suspended his driving privileges for sixty days pursuant to § 303.042. Licensee then sought judicial review of the administrative hearing officer's decision. Following a hearing, the trial court set aside not only the suspension but also Licensee's convictions for speeding and driving without proof of insurance.

The Director filed a notice of appeal and requested a transcript of the proceedings pursuant to Rule 81.12(c). Apparently no record was made of the hearing before the trial court, and consequently the Director has been unable to file a transcript in this court. One of the Director's points on this appeal requests us to remand the case to the trial court as a result of its failure to preserve a record of the proceedings pursuant to § 512.180.2.

The Director had filed a certified copy of the administrative hearing record in the trial court before the hearing. That had the effect of placing that record before the court for review. *Johnston v. Director of Revenue,* 762 S.W.2d 444, 448 (Mo.App.W.D.1988). It is not clear from the record before us, however, what other evidence was considered by the trial court. A docket entry reveals that the "State offer[ed] no evidence," but the judgment entered indicates that evidence was heard.

■ "If the evidentiary basis for the circuit court's decision is unclear from the record on appeal, and no transcript of the proceeding is available, we must remand so both parties have an opportunity to try the case with a proper record." *Kinder v. Director of Revenue,* 895 S.W.2d 627, 629 (Mo.App.E.D. 1995). In *Kellison v. Director of Revenue,* 908 S.W.2d 192, 193 (Mo.App.E.D.1995), it was not clear whether evidence in addition to the administrative record was presented to the trial court. In *Koehr v. Director of Revenue,* 813 S.W.2d 363, 364 (Mo.App.E.D. 1991), the record did not indicate what evidence was heard. In both instances the cases were remanded for additional proceedings so that a proper record could be produced.

■ In this case, the trial court, in addition to setting aside the license suspension, also set aside two of Licensee's convictions. Those portions of the judgment are also the subject of this appeal. From the record presented to us, however, we are unable to discern the evidentiary basis upon which the suspension and convictions were set aside. As a result, the record presented does not permit an appellate review of the issues raised on this appeal. This authorizes a reversal and remand. *Vogel v. Director of Revenue,* 804 S.W.2d 432, 435 (Mo.App.S.D. 1991); *Holt v. Director of Revenue,* 926 S.W.2d 532, 533 (Mo.App.S.D.1996).

The judgment is reversed and the cause is remanded to the trial court for a trial *de*

---

1. All statutory references are to RSMo 1994 un-   less otherwise indicated.

*novo* as authorized by § 302.311, which shall be on the record.

BARNEY, P.J., and PREWITT, J., concur.