Robert S. LOITMAN, Petitioner–Respondent,

v.

Nestor WHEELOCK, Respondent–Appellant.

No. 74589.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 20, 1998.

---

"[Wheelock] was asked to leave establishment. [Wheelock] threw hot coffee at [Loitman], threatened 'war' and started to yell verbally abusive remarks." Loitman was afraid of Wheelock because "he threatened violence (i.e., threatened 'war'). [Wheelock] has reappeared at work twice despite being asked [to] stay away." Loitman prayed for an Order of Protection restraining Wheelock from entering his dwelling at 10 Washington Terrace, "AND ANYWHERE ELSE I/or WE MAY BE FOUND, INCLUDING MY JOB." After hearing Loitman's and Wheelock's testimony, the court entered a full Order of Protection which enjoined Wheelock from disturbing the peace, molesting, harassing or abusing Loitman at his place of employment or dwelling unit. The court specifically ordered Wheelock not to be within 50 feet of Loitman's place of business. The order expires on November 16, 1998 unless terminated or extended.

Wheelock argues: (1) the evidence was insufficient to support the Order of Protection, particularly, allegations of stalking; (2) the court erred in refusing to allow him to present all of his evidence, particularly the testimony of witnesses who were in court and prepared to testify.

For two reasons we reverse and remand. First, the transcript of proceedings is not complete because many of the events that occurred at trial are transcribed as "inaudible." Questions, answers and rulings are not available to the parties or this court. This prevents our determination of what evidence was received and considered by the court or excluded. As a result, we cannot review the insufficiency of evidence claim.

Second, from an incomplete record it is not possible to determine whether the court abused its discretion in refusing to hear three defense witnesses. A court has considerable discretion in the exclusion of evidence and, in the absence of abuse, such rulings will not be grounds for reversal. *House v. Missouri Pacific R.R. Co.,* 927 S.W.2d 538, 540 (Mo.App. E.D.1996). Such abuse occurs only when the ruling is against the logic of the circumstances and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration. *Id.* Our review of an

Murphy & Sindel, N. Kimasa Sindel, Clayton, for appellant, Nestor Wheelock.

Daniel L. Goldberg, St. Charles, for respondent, Robert S. Loitman.

KAROHL, Judge.

Petitioner, Robert S. Loitman, filed a Petition for Order of Protection from respondent, Nestor Wheelock. Section 455.010 et. seq. RSMo Cum.Supp.1997. Loitman alleged stalking at 2 Maryland Plaza, in that

exclusion of evidence issue depends upon an offer of proof demonstrating relevance and admissibility to the trial court. Such offer must be definite and specific. *State Farm Mut. Auto. Ins. v. DeCaigney,* 927 S.W.2d 907, 911 (Mo.App. W.D.1996).

Unfortunately, it is not possible to determine whether the issue was adequately preserved or whether the court abused its discretion. After Wheelock completed his direct testimony, the court asked Loitman, who tried the case pro se, if he had any questions for Wheelock. He said "No." Wheelock's counsel then said "Your Honor, I have three more witnesses." The court's immediate response was "The Court finds from the testimony that I have heard, that both parties have maintained for each other (Inaudible)." This partial quotation represents the end of the transcript of proceedings. Obviously, it is incomplete.

Wheelock filed a Motion for Rehearing in which he alleged the court erred and abused its discretion by excluding evidence sought to be used by him as part of his case in chief, but the court "declined to hear this testimony." The motion also alleged that he indicated, at the time of the offer of the witnesses, that they would testify that Loitman initiated at least one contact in which he accosted Wheelock; that Loitman's evidence that he felt threatened was unreliable because he continued to seek out Wheelock; and, Wheelock never threatened Loitman and actually sought to avoid him. The motion alludes to events that would support a conclusion, if reviewable, that there was a sufficient offer of proof to preserve the issue and that the court abused its discretion in refusing to hear testimony of witnesses who were present on contested issues. However, the inadequate transcript forecloses a determination of the sufficiency of the offer of proof.

The transcript will not support a finding that Loitman objected to the testimony of any of the three witnesses. It appears the court simply ignored the request to hear defense witnesses. Loitman argues that Wheelock has the responsibility to provide a meaningful transcript and this court cannot consider matters not preserved on the record and contained in an approved transcript. We so held in *Kuiper v. Busch Entertainment Corp.,* 845 S.W.2d 697, 699 (Mo.App. E.D.

1993). This rule applies where events occurred and were recorded and available but not presented. In the present case there was no available record of proceedings and the deficiency was not caused by Wheelock during the trial or preparation for an appeal.

Loitman also argues there is a deficiency in the allegation in the Motion for New Trial regarding the offer of proof for failure to name the witnesses, describe the conduct they witnessed, and specify the times such events occurred. We are unable to determine the sufficiency of the offer of proof referred to in the Motion for New Trial because it is not possible to review the offer of proof.

■ We reverse and remand to permit the court and the parties to perfect the record and for a determination regarding the offer of proof. Rule 81.12(e) and 30.04(h). In the event it is not possible to correct and reconstruct the record on the missing events, including the offer of proof, the court shall grant a new trial in order to provide an opportunity for the parties to preserve a record including the testimony of the witnesses, objections, and rulings on objections and other proceedings required for appellate review. Civil Rule 81.12(a) and Criminal Rule 30.04(a) require a record of all the proceedings and evidence necessary to determine all questions presented. Where defendant is unable to obtain a complete and accurate copy of transcripts, despite due diligence, a reversal is required, but only if incompleteness is prejudicial. See, *State v. McVay,* 852 S.W.2d 408, 414 (Mo.App. E.D. 1993). An inability to secure a complete trial transcript, if prejudicial, requires a reversal and grant of a new trial. *Lynn v. Plumb,* 808 S.W.2d 439, 440 (Mo.App.1991). Here, the missing portions are prejudicial because they prevent appellate review. If the record cannot be completed, a new trial must be ordered.

We reverse and remand.

ROBERT G. DOWD, Jr., C.J. and HOFF, J., concur.