**TREETOP VILLAGE PROPERTY OWNERS ASSOCIATION, Plaintiff–Respondent,**

v.

**Avilda MILLER and G. Spencer Miller, Defendants–Appellants.**

No. 25527.

Missouri Court of Appeals, Southern District, Division One.

May 10, 2004.

Motion for Rehearing or Transfer Denied June 8, 2004.

Application for Transfer Denied Aug. 24, 2004.

G. Spencer Miller, Maryland & Maryville, for Appellants.

V. Jack Muehlenkamp, St. Charles, for Respondents.

ROBERT S. BARNEY, P.J.

Appellants Avilda Miller and G. Spencer Miller appeal from a judgment finding them in default, subsequent to a motion for default judgment filed by Respondent Treetop Village Property Owners Association ("Treetop"), based on Appellants' failure to answer interrogatories propounded to Appellants by Treetop. In its judgment, the trial court ordered foreclosure of certain property in Camden County, Missouri, to pay a debt, legal fees, and costs owed to Treetop.

Appellants raise four points on appeal. In Point One, Appellants allege the trial court erred by failing to cause the proceedings at the hearing to be recorded so that a transcript could be prepared. In Point Two, Appellants assert the trial court erred in entering judgment against Appellant Avilda Miller because there was no evidence she was in default or failed to respond to any discovery requests. In Point Three, Appellants variously complain that the trial court erred in entering a default judgment against Appellant G. Spencer Miller because he was not in default; erred in failing to continue the hearing; and erred in entering judgment against Appellants because there was no record of credible or probative evidence to establish the assessment of any damages. Lastly, in Point Four and in response to Treetop's motion to dismiss, Appellants maintain that, given the facts of the case, their failure to file a motion to set aside the trial court's judgment preliminary to filing their appeal is not fatal to their appeal.

The record shows that on November 13, 2001, Treetop filed a petition to foreclose assessment lien in which it alleged that Appellants were owners of a particular interval estate and parcel within the Treetop Village Development. Treetop further alleged that, pursuant to the amended declaration of the development, Treetop was empowered to assess owners of interval estates and parcels an annual assessment. According to Treetop, Appellants had an unpaid assessment of $1625.71 (including late charges). The petition also requested $600.00 in legal fees, plus costs. Attached to the petition was a notice of delinquent assessments and lien outlining the amounts.

On December 31, 2001, Appellants filed a joint answer denying the allegations, but

admitting that Appellant G. Spencer Miller was "the legal owner of said interval estates." Appellants requested that the petition be dismissed for failure to state a cause of action.

In January 2002 (the docket indicates it was January 7, but the file stamp denotes January 17), Treetop filed interrogatories, more fully set out below, that requested they be answered by Appellant G. Spencer Miller only. On April 29, 2002, Treetop filed a motion to compel answers to interrogatories, indicating that the time for filing answers to the interrogatories had expired. Treetop "request[ed] that [Appellants'] answer be stricken and that [Treetop] be allowed to proceed with its cause of action as if no answer has been filed."

On June 11, 2002, a hearing was held on Treetop's motion to compel. Appellants were not present. In its docket entry that date, Appellants were ordered to answer the interrogatories within twenty days or their pleadings would be stricken.[1]

The record is devoid of a showing that the interrogatories were ever answered. Treetop filed a motion for default judgment on July 29, 2002. The case was set for hearing but later continued, due to the hospitalization of Treetop's counsel; a renotice for hearing was filed on February 24, 2003.

The hearing was held as scheduled on March 11, 2003, and the judgment filed that same day. Appellants failed to appear and were found in default. The judgment then ordered foreclosure of the property for recovery of the debt, legal fees, and costs owed to Treetop. Also on March 11, 2003, the record indicates and the docket sheet acknowledges that Appellant G. Spencer Miller faxed a letter to the trial judge noting that he "fully intended to attend the hearing set for this morning in regard to the Treetop ... matter." According to the letter, Appellant G. Spencer Miller was involved in a trial, and he requested "that the matter be set over to the next date opposing counsel is available." The cover sheet and the letter itself show that the letter was faxed at 9:11. There are two docket entries for March 11, 2003. The first notes that the judgment was filed and second that the letter was received.[2] This appeal followed.

*Point IV: Must the appeal be dismissed?*

Appellants raise four points on appeal. We will first address their Point IV, in which they respond to Treetop's motion that the appeal should be dismissed because Appellants failed to file a motion to set aside the judgment preliminary to filing their appeal. Treetop contends that Appellants' failure in this regard precludes them from going forward with their appeal.

 Treetop is correct that, in the absence of a motion to set aside or vacate, a default judgment is not appealable. *Niemann v. Kasch,* 740 S.W.2d 706, 707 (Mo.App.1987). The filing of such a motion is a mandatory prerequisite to securing direct appellate review of a default judgment. *Barney v. Suggs,* 688 S.W.2d 356, 358 (Mo. banc 1985).

---

1. More specifically the trial court's order read:

 Motion to compel answers to interrogatories taken up. Defs. fail to appear; Pl. appears by atty. Defs. given 20 days to answer or pleadings shall be stricken.

 Clerk to advise the Defts. of the court's entry.

2. Although the time stamp on the fax does not reference whether it was sent at 9:11 a.m. or p.m., Appellants claim it was sent in the morning and Treetop agrees.

■ The principles stated above, however, only apply to a default judgment entered under Rule 74.05. *Tinsley v. Gosnell,* 873 S.W.2d 943, 944 (Mo.App.1994). Where a party has filed an answer, a subsequent judgment is not a default judgment, but a judgment on the merits. *DuPont v. Bluestein,* 994 S.W.2d 96, 97 (Mo. App.1999). Further, if a party files an answer, but fails to appear for trial, the judgment is still not considered a default judgment under Rule 74.05; it is a judgment on the merits. *See Cotleur v. Danziger,* 870 S.W.2d 234, 237 (Mo. banc 1994). As more fully explained below, the same is true of a judgment, as here, that follows the striking of pleadings for failure to obey a discovery order; it is not considered a default judgment, " 'but is treated as a judgment upon trial by the court.' " *In re Marriage of DeWitt,* 946 S.W.2d 258, 261 (Mo.App.1997) (quoting *In re Marriage of Dickey,* 553 S.W.2d 538, 539 (Mo.App. 1977)).

■ Thus, Appellants' failure to move to set aside or vacate the judgment is not fatal to their appeal. As the judgment is a final judgment, in that it determines all of the issues in the case, we will proceed to consider the matter on its merits. *See Simpkins v. Ryder Freight System, Inc.,* 855 S.W.2d 416, 420 (Mo.App.1993).

*Point I: Effect of failure to cause hearing to be recorded.*

In Point I, Appellants argue that the judgment should be reversed because the trial court failed to cause the March 11, 2003, hearing to be recorded so that a transcript could be prepared. According to Appellants, due to this failure, it is impossible to determine what evidence was considered and whether the evidence was sufficient to support the judgment. Within the judgment at issue in this case, in addition to finding that Appellants were in default, the trial court indicated that the cause was "taken up and heard and submitted to the [c]ourt upon the pleadings and evidence. . . ."

■ "At the request of either party, the proceedings at the trial level should be recorded, preserved and included in the transcript on appeal where necessary to present a claim of trial error." *In re Marriage of Osborne,* 895 S.W.2d 285, 289 (Mo.App.1995). An inability to secure a complete trial transcript, if prejudicial, requires a reversal and remand for new trial. *Loitman v. Wheelock,* 980 S.W.2d 140, 142 (Mo.App.1998). Reversal and remand is unwarranted if the party seeking a reversal, failed to make a request that the proceeding be recorded. *Osborne,* 895 S.W.2d at 289.

■ Cases exist where the cause was remanded with directions that a hearing be held on the record, where it was determined that the matter could not be fully reviewed without such a record, or where the evidentiary basis for the judgment was unclear from the record. *See Rivard v. Director of Revenue,* 969 S.W.2d 864, 865 (Mo.App.1998) (factual dispute existed, requiring a record of the proceedings); *Wolansky v. Director of Revenue,* 936 S.W.2d 578, 579 (Mo.App.1996) (evidentiary basis for trial court's decision unclear from the record). If the resolution of the appeal turns on questions of law that may be answered by reference to the record before the court, it is unnecessary to remand. *See Silman v. Director of Revenue,* 880 S.W.2d 574, 575 n. 3 (Mo.App.1994).

However, none of the cases cited in the above paragraph involved a situation similar to the case at bar, where the party complaining of the failure to record the hearing also failed to appear at the hearing. As previously set out, under *Osborne,* reversal and remand is unwarranted if the

party seeking a reversal failed to make a request that the proceeding be recorded. 895 S.W.2d at 289. Furthermore, under *Loitman,* it is necessary to reverse and remand for a new trial when the inability to secure a complete trial transcript is prejudicial. 980 S.W.2d at 142.

■ Taking these cases together, we hold that reversible error cannot be found here because Appellants failed to appear at the hearing and thereby waived any right they may have had to complain about the fact that no record of the hearing was preserved. Point I is denied.

### Point II: *Appellant Avilda Miller was not in default and did not fail to respond to discovery requests.*

In their second point, Appellants contend that the trial court erred in entering judgment against Appellant Avilda Miller because there was no evidence that she was in default or that she failed to respond to discovery requests.

Appellants draw our attention to Treetop's interrogatories. The document was entitled "[Treetop's] Interrogatories Addressed to [Appellants]." The first sentence reads, "Comes now the Plaintiff and files its interrogatories directed to defendant, G. Spencer Miller to be answered under oath and in accordance with the Rules of Civil Procedure." Among the questions were whether Appellant G. Spencer Miller was the sole owner of the property at issue; whether, if he was the owner, there was documentation recorded transferring ownership from Appellant Avilda Miller to him; if Appellant was not the sole owner, who any other owners were; whether he or Appellant Avilda Miller had ever paid maintenance fees on the property at issue; and, if so, when such fees had been paid.

■ Appellants maintain that because the interrogatories were directed to Appellant G. Spencer Miller, it is not possible for Appellant Avilda Miller to have been found in default for failure to answer the interrogatories. We agree.

Here, the record reflects there was (1) a motion to compel discovery; (2) an order indicating that Appellants were given twenty days to answer the interrogatories or their pleadings would be stricken; (3) a motion for default judgment in which Treetop alleges that such pleadings had been stricken by the court for failure to file answers to the interrogatories; and (4) a judgment finding Appellants in default.

"Rule 57.01(a) requires that a party respond to interrogatories 'within thirty days after the service of the interrogatories....'" *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 648 (Mo. banc 1997) (quoting Rule 57.01(a)). Under Rule 61.01(b), "[i]f a party fails to answer interrogatories ..., the court may, upon motion and reasonable notice to other parties, make such orders in regard to the failure as are just and among others the following: (1) An order striking pleadings ... or render a judgment by default against the disobedient party." [3] The moving party, of course, is responsible for proving its allegations for sanctions pursuant to Rule 61.01. *Spacewalker, Inc. v. American Family Mut. Ins. Co.,* 954 S.W.2d 420, 424 (Mo.App. 1997).

■ Trial courts are vested with broad discretion regarding whether to impose sanctions for discovery violations, and we will not disturb the exercise of that discretion on appeal unless it is exercised unjustly. *Luster v. Gastineau,* 916 S.W.2d 842, 844 (Mo.App.1996). "On appeal, our task is to determine whether the trial

---

**3.** Rule references are to Missouri Court Rules (2003).

court could have reasonably concluded as it did, and not to determine whether we would have imposed the same sanctions under those circumstances." *Id.* We agree with Appellants that rendering a judgment by default is a drastic remedy and that it is mostly aptly invoked "when the party has shown a contumacious and deliberate disregard for the court's authority." *Spacewalker, Inc.,* 954 S.W.2d at 423. It is our view, however, that the trial court abused its discretion in rendering a default judgment against Appellant Avilda Miller as a sanction for her purported failure to answer interrogatories. This is because, substantively, the interrogatories in question were never propounded to *her.*[4]

While Appellant Avilda Miller may have shown a modicum of disregard for the trial court's authority by failing to appear at Treetop's motion to compel, given the fact that the interrogatories were, in fact, never directed to her, we fail to see how the trial court could have compelled her to answer them. Additionally, we fail to see how Respondent was prejudiced by any purported failure on her part to answer the interrogatories that were not propounded to her. *Spacewalker, Inc.,* 954 S.W.2d at 423–24 ("[T]he trial court must determine whether in the particular situation the opposing party has been prejudiced.").

 Default is a drastic sanction that should be used sparingly. *Kingsley v. Kingsley,* 716 S.W.2d 257, 260 (Mo. banc

1986). Given the circumstances of this matter, it is clear that the trial court exercised its authority in an unjust manner. *See Luster,* 916 S.W.2d at 844.

Appellants' arguments raised in Point II have merit and compel our reversal of the trial court's entry of a default judgment against Appellant Avilda Miller and require us, as to Appellant Avilda Miller, to remand the case to the trial court for further proceedings consistent with this opinion.

*Point III: Appellant G. Spencer Miller was not in default; the trial court abused its discretion in refusing to continue the March 11, 2003 hearing; and there was no evidence to establish damages.*

In accordance with the preceding discussion, we observe that the interrogatories were directed to Appellant G. Spencer Miller and that he failed to respond to them as prescribed by the June 11, 2002, order of the trial court.

We initially note that the Supreme Court of Missouri has set out that Rule 61.01(b) authorizes a trial court, upon the proper motion, to " 'make such orders in regard to the failure as are just[,]' " and these sanctions may include, but are not limited to, striking pleadings, dismissing the action, *or* rendering a judgment by default against the disobedient party. *Wilkerson,* 943 S.W.2d at 648 (quoting Rule 61.01(b)).[5]

---

4. " 'Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.' " *Wilkerson,* 943 S.W.2d at 648 (quoting *Anglim v. Mo. Pac. R.R. Co.,* 832 S.W.2d 298, 303 (Mo. banc 1992)).

5. There are cases that have placed an "and" where the "or" stands in the Rule, and have stated that Rule 61.01 provides that an order may be entered to strike pleadings and render judgment by default against a party who fails to obey an order to answer interrogatories. *See, e.g., Whitworth v. Whitworth,* 878 S.W.2d 479, 481 (Mo.App.1994). Other cases, exemplified by *Hoodenpyle v. Schneider Bailey, Inc.,* 748 S.W.2d 683 (Mo.App.1988), clearly set out that the "rule allows a court to enter

■ Thus, the trial court could have entered its order rendering a default judgment without first striking Appellant G. Spencer Miller's pleadings. *See Wilkerson,* 943 S.W.2d at 648. However, the trial court by its order of June 2, 2002, expressly set out that Appellants' pleadings "shall be stricken" upon failure to answer the interrogatories. *See J & J Window Sales, Inc. v. Mueller,* 567 S.W.2d 153, 154 (Mo. App.1978).

■ Appellants' additional contention that even when a party is in default there must be proof of damages for the default judgment to be valid also lacks merit. This is because, as previously set out, we don't know what testimony or evidence was presented at the hearing, and Appellants cannot now be heard to complain about proof of damages, when by their absence at the hearing they failed to make a request that the proceedings be recorded. *See* previous discussion.

■ Lastly and not yet addressed elsewhere, is Appellants' contention that the trial court abused its discretion in refusing to continue the March 11, 2003, hearing, where the trial court considered Treetop's motion for default judgment, subsequently found Appellants in default, and rendered judgment in favor of Treetop on all issues. Appellants correctly state that the denial of a continuance is largely within the discretion of the trial court. *Seabaugh v. Milde Farms, Inc.,* 816 S.W.2d 202, 207 (Mo. banc 1991). Further, the denial of a continuance is rarely reversible error, although a trial court does not enjoy absolute or arbitrary discretion in this regard. *City of Bridgeton v. City of St. Louis,* 18 S.W.3d 107, 113 (Mo.App. 2000).

■ Here, the record does not show that the trial court ruled on Appellants' request for a continuance. Appellants provide no evidence that the trial court even received the request (a letter faxed to the court) prior to entering the judgment. Under these circumstances we fail to see how the trial court could have abused its discretion by its purported failure not to continue the hearing. Point III is denied.

Respondent's motion to dismiss appeal and for sanctions for frivolous appeal is denied. The judgment of the trial court is affirmed in part, reversed in part, and remanded consistent with this opinion.

PREWITT, J., concurs in part, dissents in part, in separate opinion.

GARRISON, J., concurs.

JAMES K. PREWITT, Judge, concurring in part and dissenting in part.

The interrogatories were unclear as to who should answer them. The title of the document indicated both Appellants, but the first sentence directed only Appellant G. Spencer Miller to answer. Pursuant to Respondent's motion, the trial court ordered both Appellants to answer. Appellants ignored that order. The trial court's order compelling both Appellants to answer is not questioned in this appeal.

I believe that the trial court resolved the ambiguity in the interrogatories, and, as that order is not questioned directly, I would affirm the judgment against both parties. I respectfully dissent in the reversal as to Avilda Miller and concur in the affirmance as to G. Spencer Miller.

an order striking pleadings, dismissing an action, or rendering a default judgment, among others, for the failure to timely answer or object to interrogatories." *Id.* at 685.