

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

JOHN MARCUS SOMMERS,     )
)
    Appellant,     )
)     **WD86078**
v.     )
)     **OPINION FILED:**
)     **May 28, 2024**
DUSTIN MATTHEWS,     )
)
    Respondent.     )

**Appeal from the Circuit Court of Buchanan County, Missouri**
**The Honorable Daniel F. Kellogg, Judge**

**Before Division Three:** Cynthia L. Martin, Presiding Judge,
Mark D. Pfeiffer and Edward R. Ardini, Jr., Judges

Mr. John Marcus Sommers ("Plaintiff" or "Sommers") appeals from the Circuit

Court of Buchanan County, Missouri's ("trial court") judgment finding in favor of Mr.

Dustin Matthews ("Defendant" or "Matthews") based on an affirmative defense that had

previously been stricken from the pleadings as a discovery sanction. We reverse and

remand for further proceedings consistent with our ruling today.

**Facts and Procedural Background**

On October 23, 2020, Sommers filed a petition for damages ("Petition")[1] with the trial court asserting one count for breach of contract and two counts for fraud relating to an unpaid loan balance owed to Sommers by Matthews as a result of the breach of contract. Though the Petition did not attach a written instrument as an exhibit to be incorporated by reference, the Petition meticulously detailed the terms of the Promissory Note ("Note"), including the loan amount, interest rate, term of the Note, payment obligations pursuant to the Note, security interest for the Note, late fees applicable for any breach of the Note terms, and attorney's fees provisions relating to a breach of the terms of the Note. The Petition also itemized Matthews's payments on the Note, the date and events leading to a breach of the terms of the Note, the balance of principal and interest owed on the Note, late fees owed due to Matthews's breach, and legal fees owed due to litigating Matthews's breach. Finally, the Petition detailed material and fraudulent misrepresentations made by Matthews to Sommers, including allegations of evil motive and intent in making the misrepresentations.

Defendant filed an Answer effectively denying all allegations asserted in the Petition and, more importantly, asserting affirmative defenses, that as relevant to our purposes, included the statute of frauds. Defendant never filed a motion to dismiss for

---

[1] The Petition was brought pursuant to Chapter 478 RSMo, not Chapter 517 RSMo; hence, an Answer to the Petition was required in order to preserve a denial to allegations contained in the Petition.

failure to state a cause of action, nor did any pleading by Defendant ever assert that Plaintiff's Petition failed to state a cause of action for breach of contract or fraud.

Discovery commenced, and Defendant failed to comply with either discovery or the trial court's orders compelling discovery. After continued refusal to provide discovery to Plaintiff, the trial court conducted a hearing on June 13, 2022, regarding Plaintiff's motion seeking Rule 61[2] sanctions and struck Defendant's Answer and its corresponding affirmative defenses. As Matthews concedes in his appellate briefing to this Court "[Defendant's] status at that time was the functional equivalent of having no responsive pleading at all."[3]

The case proceeded to trial on January 6, 2023. At that time, and prior to the introduction of evidence, Plaintiff, appearing *pro se*, expressly noted to the trial court:

> My case started with a petition related to . . . one count for a breach of contract and two counts fraud related to a loan made by plaintiff to defendant in 2010. During the course of the proceedings, the Judge struck defendant's answer . . . which has the effect of making all of the allegations made by plaintiff admitted by defendant.

Plaintiff then cited precedent to the trial court and argued that the status of the pleadings meant Plaintiff was "not required to enter any proof on the matter admitted and the admission may not be explained away nor contracted [sic] at trial." Plaintiff requested, and the trial court noted for the record, the previous sanctions ruling striking

---

[2] All rule references are to I Missouri Court Rules-State 2022.
[3] When a responsive pleading is stricken as a discovery sanction, the legal effect is the same as if no responsive pleading had been filed. *Davis v. Chatter, Inc.*, 270 S.W.3d 471, 477 (Mo. App. W.D. 2008) ("Rule 61.01 allows the court to impose sanctions, even severe sanctions, when there is an unreasonable lack of cooperation in discovery.").

3

Defendant's Answer and took judicial notice of all the admitted allegations Plaintiff had itemized in his Petition. Clearly, Plaintiff's comments and actions showed he was not expressly or impliedly waiving any of his rights regarding the status of Defendant's stricken pleadings.

After Plaintiff was placed under oath, he again reminded the trial court he was proving his case by way of admitted allegations, and then testified about the damages he sustained from Defendant's breach of contract and related fraud.

When Plaintiff provided oral testimony about the Note terms and his resulting damages, Defendant objected on the basis that a writing was required pursuant to the statute of frauds and that no writing had been attached as an exhibit to the Petition. Consequently, Defendant argued he was entitled to object to Plaintiff's oral testimony about the "purported" written agreement between the parties, even though his statute of frauds affirmative defense had been, in his words, "lost."

After Plaintiff reminded the trial court that the Note terms and breach thereof had been *admitted* when Defendant's Answer was struck, the trial court did not relent on the topic and confirmed that Plaintiff had not brought to trial a signed written instrument containing the Note's terms. And, in response to Defendant's request for judgment due to the lack of a signed writing, the trial court took the matter under advisement and stated, "[w]hat I'm going to do is I need to review—because it does—it is an interesting issue whether or not the . . . statute of frauds [is] waived, or not, based upon the pleadings being stricken in this case. So, I just need to check the case law on that."

4

On January 13, 2023, the trial court issued its Judgment stating: "Now on this 13th day of January, 2023, the Court finds in favor of [Defendant], *due to the absence of a writing in violation of the Statute of Frauds. Leeson v. Etchison*, 650 S.W.2d 681, 683 (Mo. App. W.D. 1983). Each party to bear his own costs." (emphasis added).

Plaintiff appeals the Judgment.

## Analysis

In a bench-tried case, the judgment of the trial court will be sustained by the appellate court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "[W]here the language of the judgment is plain and unambiguous, we do not look outside the four corners of the judgment for its interpretation." *Harvey v. Dir. of Revenue*, 371 S.W.3d 824, 826 (Mo. App. W.D. 2012) (internal quotation marks and citations omitted). However, a trial court's "findings and conclusions contained in a written judgment form a proper basis for assigning error and should be reviewed." *Id.* at 827 (citing to *Graves v. Stewart*, 642 S.W.2d 649, 651 (Mo. banc 1982)).

Both of Plaintiff's points on appeal challenge the Judgment as being an erroneous application of law in that the trial court relied upon an affirmative defense (i.e., the statute of frauds), that was not pled—or, at least, had been stricken from the pleadings. We agree.

"The rendition of judgment which follows the disallowance of a pleading for failure to obey a discovery order does not come by default, in the ordinary sense [where

5

no answer is filed], but is treated as a judgment upon trial by the court." *In re Marriage of Dickey*, 553 S.W.2d 538, 539 (Mo. App. W.D. 1977). Therefore, when a petitioner appears for trial after a responsive pleading has been struck pursuant to Rule 61.01(b), a defendant has no standing to contest the sufficiency of the pleaded claims, and any subsequent judgment is *on the merits*. *See id*. (upholding judgment granting wife divorce and maintenance in gross where she appeared for trial and husband was in default because his answer was previously struck as a discovery sanction); *Treetop Vill. Prop. Owners Ass'n v. Miller*, 139 S.W.3d 595, 600 (Mo. App. S.D. 2004) ("[A] judgment . . . that follows the striking of pleadings for failure to obey a discovery order; [] is not considered a default judgment, but is treated as a judgment upon trial by the court.") (internal quotation marks omitted).[4]

Moreover, when a defendant fails to plead one of the affirmative defenses set forth in Rule 55.08, that affirmative defense is considered "generally waived." *Guidry v. Charter Commc'ns, Inc*., 269 S.W.3d 520, 527 (Mo. App. E.D. 2008) (applying the

---

[4] In Defendant's appellate briefing to this Court, he attempts to suggest that Plaintiff's failure to move for a default judgment or to move for the filing of a responsive pleading (which is nonsensical) somehow constitutes an implied waiver of any objection to the lack of an Answer in the present proceedings. As the precedent cited reflects, Missouri courts distinguish between defendants who are in "default in the ordinary sense" for failing to answer due to negligence and defendants who had their answer struck as a discovery sanction. *In re Marriage of Dickey*, 553 S.W.2d 538, 539 (Mo. App. W.D. 1977); *see also Greasel Conversions, Inc. v. Massa*, 399 S.W.3d 456, 461 (Mo. App. S.D. 2013). Here, the latter category applied, and Defendant had "no standing to make a contested issue" of the merits of Plaintiff's case, *Dickey*, 553 S.W.2d at 540, particularly where Plaintiff made a record before trial of his intention to try the case on the admitted allegations of his Petition due to Defendant's Answer (and affirmative defenses) being stricken as a discovery sanction.

waiver principle to the statute of frauds).  The statute of frauds is an affirmative defense that must be pled under Rule 55.08 by the party claiming its benefit.  *Brooks v. Cooksey*, 427 S.W.2d 498, 502 (Mo. 1968) ("[T]he statute of frauds is an affirmative defense which must be pleaded, and interposed by the party claiming its benefit."); *Roush v. Sandy*, 871 S.W.2d 98, 101 (Mo. App. W.D. 1994) (same); *Lundstrom v. Flavan*, 965 S.W.2d 861, 864 (Mo. App. E.D. 1998) ("Rule 55.08 provides that affirmative defenses, including the statute of frauds, must be set forth in the pleadings.").

The striking of Defendant's Answer had the two-fold result of (1) admitting the merits of Plaintiff's claims and (2) generally waiving the statute of frauds as an affirmative defense.  Tellingly, at trial, Defendant's counsel conceded his client made admissions as a result of the stricken pleadings: "You know, my client may have, through the course of this case, been in a position where he's now admitting some things he obviously denied in his answer."  Defendant did not ask the trial court at trial to reconsider its interlocutory order striking Defendant's pleadings and does not contend on appeal that the order striking his pleadings was ever modified or withdrawn.

Despite this concession and Plaintiff's repeated pleas to submit the case on admissions, the trial court faulted Plaintiff for failing to bring a signed written instrument of the terms of the agreement to trial and then proceeded to issue the Judgment in Defendant's favor based solely on the statute of frauds, an affirmative defense that was not then available to Defendant due to the struck pleadings.  This was error:

> When a defendant fails to plead [an affirmative defense], it is considered generally waived.  *Delting v. Edelbrock*, 671 S.W. 2d 265, 271 (Mo. banc 1984).  The trial court may not premise its judgment on such defense.  *See*

7

*id.* [A party], however, may impliedly or expressly consent to trying the case on the defense. *Id.*

*Holdener v. Fieser*, 971 S.W.2d 946, 950 (Mo. App. E.D. 1998).

Here, Plaintiff advised the trial court, in no uncertain terms, that he was not waiving his right to try the case on the admitted allegations of his Petition—allegations that identified all of the terms of the agreement between the parties, the breach of the agreement, the damages as a result of the breach of the agreement, and the fraudulent misrepresentations made by Defendant that caused Plaintiff's damages.

Plaintiff was under no obligation to seek a default judgment and, instead, was well within his rights to try the case without any belated attempt by Defendant to resurrect his stricken affirmative defense. Since the status of the pleadings was that Defendant had already admitted the terms of the agreement, Plaintiff was under no obligation to produce a written and signed instrument "proving" the terms of an already admitted agreement. The trial court's requirement in its Judgment that Plaintiff do so constitutes reversible legal error.

The trial court attempted to explain its ruling by citing to *Leeson v. Etchison*, seemingly relying on language from that opinion stating that, while the general rule is that "[t]he absence of a writing . . . is an affirmative defense which must be pleaded by the party claiming its benefit. If the statute is not pleaded, a party may yet invoke the defense by objection to the introduction of oral evidence to prove the contract." 650 S.W.2d at 683 (internal citation omitted). The problem with the trial court's citation to

*Leeson* is that the language relied upon expressly draws authority from *State ex rel. Place v. Bland*, wherein the Missouri Supreme Court explained:

> The rule, as we understand, is that if the party to be charged *deny by his pleading that a contract was made*, then the [sic] can invoke the statute by objection to the introduction of oral evidence of the contract, or sometimes by instructions (though the issue ought to be *timely* raised). If he *admits* in his pleading that the contract was made, *then he must also allege that it was oral and violated the statute*.

183 S.W.2d 878, 886 (Mo. 1944) (emphasis added).

Here, the effect of his stricken pleadings was that Defendant had admitted the allegations of Plaintiff's Petition that a contract was made. Ordinarily, Defendant would then be required to allege in a responsive pleading that the contract was oral and violated the statute of frauds in order to preserve that affirmative defense. But since Defendant's pleadings were stricken, there was no statute of frauds affirmative defense pled, and the trial court erroneously relied upon *Leeson*.

It was error for the trial court to permit Defendant to challenge the contract at trial as being subject to an affirmative defense that was not at his disposal and equally error for the trial court to base its Judgment for Defendant on that affirmative defense. *Holdener*, 971 S.W.2d at 950.

Plaintiff's points on appeal are granted.

## Conclusion

We reverse and remand for further proceedings consistent with our ruling today. Specifically, on remand, the trial court is to review the Petition and evidence from the trial (i.e. the transcript) on the issue of damages and to enter Judgment for Sommers and

against Matthews in the amount of damages it deems to be consistent with the admitted allegations of the Petition and additional evidence on damages relating to all three counts of Plaintiff's Petition presented at trial.

_____
Mark D. Pfeiffer, Judge

Cynthia L. Martin, Presiding Judge, and Edward R. Ardini, Jr., Judge, concur.