Dennis DOBBS, Appellant/Cross–Respondent,

v.

DOBBS TIRE & AUTO CENTERS, INC., Respondent/Cross–Appellant,

and

Donald Dobbs, Jr., et al., Respondents.

No. 72666.

Missouri Court of Appeals, Eastern District, Division Two.

June 16, 1998.

Ira M. Potter, St. Louis, for appellant.

Martin M. Green, Clayton, for respondent.

RHODES RUSSELL, Judge.

Dennis Dobbs, appeals the judgment of the Circuit Court of the County of St. Louis granting respondents', Dobbs Tire & Auto Centers, Inc. ("corporation"), Donald Dobbs, Jr., David Dobbs, and Laura (Dobbs) Killoren, motion for summary judgment. The corporation appeals from the trial court's order dismissing its counterclaim with prejudice for failure to comply with discovery orders. We affirm.[1]

Corporation is a family-owned business that specializes in tire sales and automotive services. Appellant and respondents were the only shareholders of the corporation.

In February 1995, appellant filed suit against respondents and the corporation. In his amended petition, appellant alleged that respondents diverted corporate funds into non-corporate accounts and that the respondents' personal expenses were paid by the corporation at the direction of the respondents. Appellant alleged that these corporate distributions were constructive dividends and were never authorized by the corporation's board of directors. Appellant further alleged that Donald Dobbs created a "certificate of deposit" program whereby certain corporate employees were allowed to deposit money and receive above market interest on their money. Appellant averred that neither the corporate by-laws nor the articles of incorporation authorized the corporation to engage in banking activities. Appellant further alleged that Donald Dobbs used the deposited money for his own benefit. He also claimed that the respondents

---

1. Respondents' motion to dismiss Dennis Dobbs' appeal for failure to comply with Rule 84.04(c) is denied.

would represent to the corporation that the expenses were corporate expenses or would fail to disclose that these expenses were for personal items.

Appellant's amended petition contained six separate counts. Counts I, III, and IV were brought by appellant as an individual alleging that respondents had breached their fiduciary duties and defrauded him by failing to pay him his share of constructive dividends in accordance with his shareholder interest and negligence. Counts II and V of the amended petition were derivative claims brought by appellant on behalf of the corporation alleging breach of fiduciary duty and negligence, respectively. Finally, in Count VI, appellant sought an accounting.

The corporation filed a counterclaim against appellant alleging that appellant had withdrawn $70,466.27 without authority from the corporate bank account in order to pay his attorneys in this case. The corporation also alleged that appellant had breached his fiduciary duty to the corporation by withdrawing the corporate funds without its authorization.

Respondents moved for summary judgment arguing that it was undisputed that appellant actively participated in the wrongdoing that he alleged as the basis of his lawsuit. Respondents maintained that appellant was barred from bringing his claims based upon the *in pari delicto* doctrine. In their motion for summary judgment, respondents cited portions of appellant's deposition where appellant admitted that he used corporate funds to cover personal expenses. In his deposition, appellant admitted that, from 1990 through 1994, he used corporate funds to cover personal expenses. Appellant testified that he used corporate funds to pay for a down payment on a new car, dry cleaning bills, remodeling for his home, clothing, and vacations, as well as various other items. Appellant described the source of corporate funds used to pay for personal expenses as a "slush fund." He described the slush fund as a form of compensation that he used by submitting to the corporation invoices from companies that had performed personal services for him or from whom he had bought goods. Appellant's admitted share of the slush fund amounted to $15,000 in 1994; between $12,000 and $15,000 in 1993; and $30,000 in 1990. He testified that the aim of the arrangement was to provide compensation for which recipients "didn't have to pay taxes." Appellant further testified that he had failed to report as income corporate funds he had received in previous years.

The trial court entered an order for sanctions pursuant to Rule 61.01 for the corporation's failure to appear for the September 12, 1996 deposition which had been ordered by the court. The court, in a default judgment, found the corporation in contempt and ordered its pleadings, including its counterclaim, stricken and dismissed. The court also ordered the corporation to pay appellant's legal fees of $1,000.

The corporation subsequently filed a motion to set aside the default judgment and to reinstate its pleadings. The trial court set aside the default judgment against the corporation, but ordered the corporation's counterclaim stricken and dismissed with prejudice. The court further ordered that the corporation appear for deposition at a date agreed upon by counsel and that it produce all of the documents requested by appellant.

Respondents filed a supplemental brief in support of their pending motion for summary judgment. Therein, respondents argued that they were entitled to summary judgment in that appellant was attempting to assert direct claims which should be brought by the corporation or derivatively. Respondents also argued that they were entitled to summary judgment on appellant's derivative claims in that appellant had no standing to bring the claims. Respondents argued that appellant did not comply with Rule 52.09 of the Missouri Rules of Civil Procedure because he did not fairly and adequately represent similarly situated shareholders. In response to respondents' supplemental brief, appellant filed a supplemental brief in opposition to the motion for summary judgment.

The trial court granted respondents' motion for summary judgment. Specifically, the trial court stated:

[Respondents'] motion for summary judgment, having been called, heard, submitted

and considered is hereby ordered sustained. [Appellant] does not have appropriate standing to bring this derivative action on behalf of the corporation, Dobbs Tire and Auto Centers, Inc. (citations omitted). [Appellant], part of a conspiracy to defraud taxpayers and possibly creditors, cannot avail himself of equitable relief as an admitted wrongdoer.

Accordingly, [appellant's] petition is hereby ordered dismissed.

Appellant appeals from the trial court's order granting summary judgment in favor of respondents. The corporation cross-appeals from the trial court's order dismissing its counterclaim.

Appellant raises four points on appeal. In his first point, appellant contends that the trial court erred in granting summary judgment for lack of standing in that he met the requirements of Rule 52.09 to bring a shareholder's derivative suit. In his second point, he contends the trial court erred in granting respondents' motion for summary judgment based upon the *in pari delicto* doctrine. In his third point, appellant contends the trial court erred in granting respondents' motion for summary judgment because their motion did not comply with Rule 74.04 in that the motion did not address the issues of standing. In his fourth point, appellant contends the trial court erred in granting respondents' motion for summary judgment for lack of standing in that he had standing to bring a direct action for payment of dividends. We need only address appellant's second point in that we find the trial court properly granted respondents' motion for summary judgment on all counts based upon the *in pari delicto* doctrine.

In his second point, appellant contends the trial court erred in granting respondents' motion for summary judgment based on a finding that he was "part of a conspiracy to defraud taxpayers and possibly creditors" in that there existed a dispute of material fact whether he engaged in such activity, and because the claim of conspiracy was not a defense to his claims. We disagree.

A summary judgment is appropriate if the motion and response demonstrate that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of a summary judgment is purely an issue of law and our standard of review on appeal is essentially *de novo. Id.* We need not defer to the trial court's order granting summary judgment because its judgment is founded on the record submitted and the law. *Id.* We review the record in the light most favorable to the party against whom the judgment was entered. *Id.*

■ Although not succinctly stated, the trial court granted respondents' motion for summary judgment based upon the *in pari delicto* doctrine. The doctrine of *in pari delicto* is the legal counterpart to the equitable doctrine of unclean hands. 27A Am. Jur.2d *Equity* section 123, at 611 (1996). Under the *in pari delicto* doctrine, a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. 1A C.J.S. *Actions* section 29 (1985). Also, one cannot maintain a claim for damages where the cause of action is based on an unlawful act or transaction in which both plaintiff and defendant participated. *Id.*

"The principle is well settled that no court will lend its aid to a man who founds his cause of action upon an illegal act. This is a principle founded upon public policy, not for the sake of the defendant, but for the law's sake, and that only." *Sandbothe v. Williams*, 552 S.W.2d 251 (Mo.App.1977) (quoting *Schoene v. Hickam*, 397 S.W.2d 596, 602 (Mo.1966)).

■ The doctrine of *in pari delicto* holds that "anyone who engages in a fraudulent scheme forfeits all rights to protection, either at law or in equity." *Kansas City Operating Corp. v. Durwood*, 278 F.2d 354, 357 (8th Cir.(Mo.)1960); *See also, Clouse v. Myers*, 753 S.W.2d 316, 319 (Mo.App.1988)(neither law nor equity can be invoked to redress a wrong that has resulted from the injured party's own wrongful and illegal conduct). If the parties to a fraud are *in pari delicto*, the

law will leave them where it finds them. *Durwood,* 278 F.2d at 358.

■ Appellant's amended petition alleged, in essence, that respondents used corporate funds to pay for various personal expenses. He also alleged that these funds were distributed without the proper authorization of the board of directors. Appellant, however, admitted that he also used corporate funds to pay for his own personal expenses. He referred to the source of corporate funds used to pay for personal expenses as a "slush fund," and that one of the purposes behind the slush fund arrangement was to provide compensation for which recipients did not have to pay taxes. Appellant admitted that he had failed to report on his income tax returns amounts he had received from the slush fund.[2] By engaging in a scheme to defraud taxing authorities, appellant forfeited his right to court protection. *See Durwood,* 278 F.2d at 357. The trial court did not err in granting summary judgment in favor of respondents on all of appellant's claims, both derivative and direct, based upon the *in para delicto* doctrine. Point two is denied.

We decline to address appellant's other points related to standing in that we find the trial court properly granted respondents' motion for summary judgment on all counts based upon the *in pari delicto* doctrine. If a grant of a summary judgment is sustainable on any theory, it must be sustained. *McCrary v. Truman Medical Center, Inc.,* 943 S.W.2d 695, 697 (Mo.App.1997).

In its cross appeal, the corporation contends the trial court erred in striking and dismissing its counterclaim for its failure to appear at a deposition. The corporation contends the trial court abused its discretion in dismissing the corporation's counterclaim in that none of the individual respondents were

willing to be designated as its representative because their counsel advised them that such a designation could waive their Fifth Amendment rights against self-incrimination in a pending criminal matter.

During the course of discovery, appellant filed a motion to compel the production of documents and for sanctions eight different times. At a hearing on one of appellant's motions to compel, the parties agreed to a stipulated order of discovery. Later, appellant filed another motion to compel when one of the respondents failed to attend his deposition. Thereafter, the trial court issued a stipulated order setting forth the dates in which the individual respondents and the corporation were to sit for depositions. One day prior to the scheduled deposition of the corporation, appellant's counsel was informed that no one would be appearing at the deposition on behalf of the corporation. According to respondents' counsel, appearing at the deposition would infringe upon the Fifth Amendment rights of the individual respondents.[3]

Appellant filed a motion for sanctions under Rule 61.01. The trial court sustained appellant's motion for sanctions and ordered the corporation's pleadings stricken and dismissed its counterclaim. The trial court entered a judgment by default in appellant's favor and set the inquiry for damages. The corporation filed a motion to set aside the default judgment and to reinstate its pleadings which the trial court granted, but dismissed its counterclaim with prejudice.[4]

■ Rule 61.01(d)(2) authorizes the trial court to dismiss an action for failing to comply with an order to produce documents. *Great Western Trading Co. v. Mercantile Trust Co. Nat. Ass'n,* 661 S.W.2d 40, 43

---

2. In response to respondents' motion for summary judgment, appellant filed an affidavit stating that he had paid all federal and state taxes on all compensation received from the corporation. It is not clear, however, when appellant paid his taxes on the funds he received from the corporate "slush fund." This does not, however, refute appellant's statement that he failed to report on his income tax returns amounts he had received from the slush fund.

3. During the pendency of the lawsuit, respondents became targets of a federal investigation by the Internal Revenue Service regarding possible tax evasion. These investigations eventually led to guilty pleas by Donald Dobbs and David Dobbs on federal tax evasion charges.

4. Respondents' counsel on the appeal were not trial counsel. They entered their appearance after the trial court imposed sanction orders for the corporation's failure to appear at its deposition.

(Mo.App.1983). Rule 61.01(f) authorizes the dismissal of an action for failure to appear for deposition. *Id.* Trial courts are vested with discretion as to whether to impose sanctions for discovery violations, and the exercise of the court's discretion will not be disturbed on appeal unless it is exercised unjustly. *Luster v. Gastineau,* 916 S.W.2d 842, 844 (Mo.App.1996). On appeal, our task is to determine whether the court could have reasonably concluded as it did, and not to determine whether we would have imposed the same sanctions under those circumstances. *Id.* Where the record reveals a long course of failure to produce documents, or the facts show a pattern of repeated disregard to comply with discovery, a court is justified in applying sanctions.*State ex rel. Lieberman v. Goldman,* 781 S.W.2d 802, 808 (Mo.App.1989).

 We find no abuse of discretion. The facts clearly establish a pattern of repeated disregard to comply with the rules of discovery. *See Sonderman v. Maret,* 694 S.W.2d 864, 867 (Mo.App.1985). Although the corporation argues that it was unable to provide a representative to attend the deposition because all of the individual respondents had asserted their Fifth Amendment rights, a court may dismiss a counterclaim where a party invokes the privilege against self-incrimination. *See Goldman,* 781 S.W.2d at 806. We find the trial court did not abuse its discretion in dismissing the corporation's counterclaim with prejudice. Point denied.

The judgment of the trial court is affirmed.

CRANE, P.J., and JAMES R. DOWD, J., concur.