S.R., by next friend S.H.R. and S.H.R., Respondents,

v.

K.M., Appellant.

No. ED 80765.

Missouri Court of Appeals, Eastern District, Division One.

July 22, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 4, 2003.

Application for Transfer Denied Oct. 28, 2003.

---

1. Doris' motion to strike portions of the legal file is hereby denied.

W. Morris Taylor, Gerald A. Sims, Jr., St. Louis, MO, for appellant.

Jack C. Stewart, Theodore R. Allen Jr., Hillsboro, MO, for respondent.

GEORGE W. DRAPER, III, Judge.

K.M. (hereinafter, "Mother") appeals from the trial court's judgment finding paternity rests with S.H.R. (hereinafter "Father") with respect to S.R., their minor child, (hereinafter, "Child"), awarding Father sole physical and legal custody of Child, and ordering Mother to pay child support. Mother brings eleven points on appeal. We reverse and remand.[1]

Mother and Father entered into a relationship in early 1996 which resulted in the birth of Child in January 1997. Mother and Father were never married, and Child resided exclusively with Mother. In July 1999, Father filed a petition seeking a determination of paternity, primary custody of Child, and payment of child support from Mother. Father alleged in his petition that Mother was unstable mentally and contributed to the Child's emotional detriment. Mother retained counsel and

---

1. Mother filed a motion to supplement the legal file which was taken with the case. Mother wishes to supplement the record on appeal with extraneous materials from hear-  ings that occurred beyond the judgment at issue here. As such, Mother's motion is denied.

filed an answer and counter-petition alleging she was without adequate means to provide for her attorney's fees. Mother admitted Father was the biological father of Child, but denied all other allegations with respect to her mental health and child-rearing activities.

Mother's counsel withdrew her representation on May 17, 2000. On June 30, 2000, Father served Mother with interrogatories and requests for production. Mother, now acting pro se, attempted to comply with Father's discovery requests by appearing at Father's counsel's office on July 31, 2000. After delivering several documents to Father's counsel, Mother attempted to orally answer the interrogatories she received. Father's counsel informed her that her method of tendering the answers did not comply with the rules, and he would be unable to accept her oral answers. Father's counsel proceeded to prepare a document memorializing the events which transpired in his office during Mother's attempt to produce discovery. Father filed this memorialization with the trial court.

On August 4, 2000, Father filed a motion indicating Mother failed to comply with his discovery requests and sought a hearing to compel production. Mother received notice of the motion, and the hearing was set for August 18, 2000. The record reflects Mother notified Father's counsel and the guardian ad litem on August 17, 2000, she would be late attending the hearing on August 18th because Child was in the hospital with pneumonia. However, Mother indicated she planned to attend the hearing.

Father's motion was heard on August 18, 2000. Mother was not present when the motion was called. Father presented argument and suggested to the trial court a myriad of sanctions for Mother's failure to produce discovery. The trial court ruled Mother "is prohibited from presenting evidence, in any form, during [her] case." Mother appeared at court after the hearing was over and the trial court would not entertain any argument from her.

Mother retained counsel on August 23, 2000, who filed a motion to reconsider and vacate the sanctions the trial court imposed on August 18th. Mother's motion to reconsider and vacate sanctions was heard on August 28, 2000. The trial court did not directly rule on Mother's motion until a later date. Ultimately, her motion was denied.

Father filed a motion in limine ensuring Mother would be prohibited from presenting any evidence in her defense during the trial. The trial court sustained Father's motion. Trial was held in October and November 2001. Mother was unable to present any evidence with respect to all pertinent issues and was confined to cross-examination of Father.

The trial court issued its order and judgment on December 21, 2001. The trial court awarded Father sole legal and physical custody of Child, finding it was not in Child's best interest to remain with Mother. The trial court found granting Mother visitation would endanger Child's physical health or impair Child's emotional development. Further, the trial court ordered Mother to pay $1,068.00 per month in child support, pay seventy-five percent of the guardian ad litem fees, and pay Father's attorneys fees in the amount of approximately $45,000.00. Mother received limited supervised visitation. Mother appeals.

We address Mother's points with regard to the imposition of sanctions first because we find them dispositive. Mother's first point on appeal claims the trial court erred with respect to sanctions it imposed against her for failing to produce discovery and answer interrogatories issued by Fa-

ther because, she argues, this sanction violated her due process rights in that it legally deprived her of the constitutional right to present a defense. Moreover, Mother's second point argues the trial court abused its discretion in imposing such a harsh sanction because the trial court failed to order Mother · to comply with the discovery request by a definite date and a lesser sanction would have been fully curative. .

■ The trial court is vested with broad discretion regarding matters of discovery. *L.J.B. v. L.W.B.*, 921 S.W.2d 23, 28 (Mo.App. E.D.1996). This Court will not interfere with the trial court's decision to impose sanctions for discovery violations unless there is a clear showing of an abuse of discretion. *American Property Maintenance v. Monia*, 59 S.W.3d 640, 646 (Mo. App. E.D.2001). An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances then before the trial court, and is so arbitrary and unreasonable as to shock the sense of justice and indicate lack of careful consideration. *Id.* at 646–47. Prior to imposing sanctions on the errant party, the trial court must first determine whether, in a particular situation, the opposing party has been prejudiced. *State ex rel. Missouri Highway and Transp. Com'n v. Pully*, 737 S.W.2d 241, 245 (Mo. App. W.D.1987)

■ When a discovery sanction would destroy completely one party's case, it is an abuse of discretion for the trial court to impose those harsh sanctions without finding that the errant party has shown contumacious and deliberate disregard for authority of the trial court. *Id.* at 246. However, the trial court is justified in applying sanctions where the record reveals a long course of repeated disregard to comply with discovery requests. *Dobbs v. Dobbs Tire & Auto Centers, Inc.*, 969 S.W.2d 894, 899 (Mo.App. E.D.1998).

■ In this case we find the trial court abused its discretion when it ordered Mother be prohibited from presenting a defense after failing to answer Father's interrogatories. Mother had been acting pro se for approximately one month at the time Father tendered his discovery requests. Despite being unrepresented, and even though her actions were not in accord with the discovery rules, Mother made a good faith effort to comply with Father's request by appearing at Father's counsel's office. Father's counsel accepted various pieces of documentation and memorialized his conversation with Mother with respect to Mother's attempt to answer the interrogatories orally.

Father implores this Court to recognize Mother's contumacious and deliberate disregard for the authority of the trial court by asking us to focus on Mother's refusal to pay the guardian ad litem fees, failure to execute the medical authorizations and submit to a mental examination as requested, and interference with Father's visitation, in addition to other contemptuous acts alleged. Father's argument is unpersuasive given all of the acts Father recites occurred after the trial court issued its sanctions ruling on August 18, 2000. Prior to the hearing, Mother committed no discovery violation or any other violation of a court order. Moreover, the trial court did not issue Mother a definite date upon which to comply with discovery or explore the option of imposing a lesser sanction, which would have been curative in this instance.

Therefore, in light of all of the evidence, we find the trial court abused its discretion in sanctioning Mother for her first discovery infraction by preventing her from offering any evidence in her defense during the proceedings. Thus, we remand this case to the presiding judge of the circuit for reassignment to a judge, other than the

judge whose order is herein appealed, for retrial on the merits. *See Peet v. Randolph*, 103 S.W.3d 872, 878 (Mo.App. E.D. 2003).

The judgment of the trial court is reversed and remanded for additional proceedings consistent with this opinion.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.