**Dolores STOCKMANN and Greg Stockmann, Plaintiffs/Appellants,**

v.

**Joseph FRANK, Defendant/Respondent.**

No. ED 89167.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 4, 2007.

---

Gary A. Growe, Devereux Murphy, LLC, St. Louis, MO, for appellants.

Daniel G. Tobben, Kevin B. Behrndt, Laura Gerdes Long, Danna McKitrick, P.C., St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiffs, Dolores and Greg Stockmann, appeal from a judgment of the trial court dismissing with prejudice their cause of action for legal malpractice against attorney Joseph Frank as a sanction for plaintiffs' violation of the trial court's order compelling plaintiff to appear for Rule 60.01 independent medical examination (IME). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2006 plaintiffs filed a Second Amended Petition against defendant Joseph Frank in the Circuit Court of the City of St. Louis, Cause No. 05401212. Mrs. Stockmann sought damages for legal malpractice, alleging that defendant's failure to timely refile her products liability/personal injury lawsuit against the manufacturer of latex gloves resulted in the loss of her cause of action, and Mr. Stockmann sought damages because he was thereby deprived of his loss of consortium claim against the latex glove manufacturers. Plaintiffs alleged that Mrs. Stockmann had developed a latex sensitivity that caused her to become permanently and totally disabled.

On February 23, 2006, defendant filed a Rule 60 motion to compel plaintiff to present herself for a previously scheduled IME at the offices of H. James Wedner, M.D., Chief of the Division of Allergy and Immunology at Washington University and Medical Director of the Asthma and Allergy Center of the Washington University School of Medicine. Plaintiffs opposed the motion on the grounds that a medical examination at the Asthma and Allergy Center would be inherently dangerous for Mrs. Stockmann because of her purported latex allergy, and they requested that any physical examination of Mrs. Stockmann take place in her home. Defendant's position was that the type of examination needed could not be done at a home.

In response to the trial court's request, defendant filed a letter from Dr. Wedner that addressed Mrs. Stockmann's safety concerns about the presence of latex products and the isolation of air circulation in his office building and that explained why the proposed tests were necessary and why they had to be performed on equipment available only in an office. Dr. Wedner also advised that the Asthma and Allergy Center had served "numerous patients with a known latex sensitivity and true latex allergy here at The Asthma and Allergy Center without significant physical harm coming to them." Dr. Wedner also referred to an October, 2004 laboratory report from IBT Reference Laboratory (October 2004 IBT Report) that he had reviewed and that was provided to the

court that showed that Mrs. Stockmann was not allergic to latex.

On June 22, 2006, the trial court issued an order compelling Mrs. Stockmann to appear for a medical examination. In its written order, the trial court found that plaintiffs did not establish that Dr. Wedner's office was potentially dangerous to plaintiff. However, it set forth specific procedures for Mrs. Stockmann to follow as precautionary measures. It required that prior to the examination, Mrs. Stockmann was to provide her medical history to Dr. Wedner by telephone and to have her blood drawn by her family physician and sent to the Mayo Clinic for evaluation. It further required that when Mrs. Stockmann arrived at Dr. Wedner's office building, she was to call Dr. Wedner's office staff from her car to inform them she had arrived. She would meet a registered nurse at a back ambulance entrance who would escort her upstairs by elevator, and would proceed directly to an examining room to change into a cotton gown. Dr. Wedner was directed to arrive promptly and to perform quickly the physical exam, blood pressure, and pulmonary function test. If Mrs. Stockmann's Mayo Clinic test was negative, then he could perform a skin test for latex allergy, but he could not perform a "use" test.

By September 8, 2006, Mrs. Stockmann had not yet completed the court-ordered blood draw, and defendant filed another motion to compel and a motion for sanctions. The trial court denied the motion for sanctions but entered an order setting forth additional requirements for the blood draw, telephone interview, and examination, including the removal of all powdered latex gloves from Dr. Wedner's office at least a day prior to Mrs. Stockmann's appointment.

Mrs. Stockmann thereafter had her blood drawn by her family physician and tested by The Mayo Clinic. The Mayo Clinic issued a Laboratory Service Report indicating that the September 19, 2006 test for IgE latex was negative. Based on this test result and the October 2004 IBT Report showing that Mrs. Stockmann was not allergic to glove latex extract, Dr. Wedner attested by affidavit that to a reasonable degree of medical certainty, Mrs. Stockmann "does not suffer from a latex allergy at the present time."

On October 17, 2006, plaintiffs, accompanied by Barb Thuet, a nurse hired by plaintiffs, parked outside Dr. Wedner's office building. Prior to entering the building, Nurse Thuet checked Mrs. Stockmann's oxygen levels. Mrs. Stockmann did not call Dr. Wedner's office when she arrived, and did not allow a nurse from Dr. Wedner's staff to escort her to Dr. Wedner's office. Rather, she entered with Nurse Thuet. She did not go directly to Dr. Wedner's office but stopped in the building's restroom, even though she did not know what was in it. When Mrs. Stockmann exited the restroom, her cheeks and chest were red. Instead of taking the elevator upstairs, as directed by the court, she walked up the stairs. When Mrs. Stockmann reached the second floor, she complained of breathing difficulty. Mrs. Stockmann injected herself with an Epi-pen. She decided to leave the building, descended the stairs, and took medication. Nurse Thuet measured Mrs. Stockmann's oxygen level, and it was the same as when she entered.

Mrs. Stockmann called Dr. Wedner's office from the parking lot and left a message that she had a reaction coming into the building. Dr. Wedner's patient service representative, Cheryl Mayer, met Mrs. Stockmann in the parking lot. Mr. Stockmann prevented Ms. Mayer from approaching Mrs. Stockmann, claiming Mrs. Stockmann had experienced an allergic re-

action "in the elevator." Dr. Wedner, having been advised of the situation, also attempted to approach Mrs. Stockmann in the parking lot, but Mr. Stockmann prevented him from reaching her, claiming that Dr. Wedner might be contaminated by latex. Dr. Wedner asked Mrs. Stockmann to return to the office, but Nurse Thuet refused to allow her to return. Mrs. Stockmann did not seek any medical help for her purported allergic reaction that day. Dr. Wedner did not examine Mrs. Stockmann. However, Ms. Mayer and Dr. Wedner each attested that Mrs. Stockmann did not appear to be in distress.

Thereafter, defendant filed a motion for sanctions and for dismissal of plaintiffs' claims based on Mrs. Stockmann's failure to submit to an IME as ordered. In the motion, defendant recited the history of attempts to compel Mrs. Stockmann to attend an IME both in this case and in her previous legal malpractice case against defendant[1], which was based on the same allegations and in which she had failed to appear for a court-ordered examination by Dr. Wedner resulting in a $1,000 fine and dismissal without prejudice.

The court held an evidentiary hearing on the motion. Mrs. Stockmann testified by telephone, and Mr. Stockmann testified in person. Also in evidence were the medical laboratory reports from the IBT Reference Laboratory and the Mayo Clinic, and the affidavits of Nurse Thuet, Dr. Wedner, Ms. Mayer, Dr. Wedner's staff nurse Kris Wehmeier, and Dr. Wedner's medical assistant Diana Laughman. Plaintiff's counsel represented to the court that "if the IME has to be within his building, then I'm not sure that she can do that. So, if the IME can be outside the confines of his office building, then it can be complied with."

The trial court granted the motion. It found that Mrs. Stockmann had twice refused to comply with an order to be examined by Dr. Wedner in her prior case and that the court had dismissed that case without prejudice for her refusal to submit to an IME. It found that Mrs. Stockmann had violated its order by not following the mandated procedures and by not allowing Dr. Wedner to approach her. It found that Dr. Wedner and his staff complied with all court orders. It further found that the Asthma and Allergy Center was not physically dangerous to Mrs. Stockmann. The trial court concluded:

> The court has considered and rejected giving the plaintiff another chance to comply with its order because Judge John Riley gave her two chances to comply in the previous case (cause # 012–8946). She refused to comply and he dismissed her case without prejudice on August 23, 2004. The history of defendant's attempt to compel plaintiff's attendance for an independent medical examination spans more than two years in two causes of action regarding the same allegations.
>
> Therefore, the Court grants defendant's motion for sanctions and dismisses this cause with prejudice pursuant to Rule 61.01.

The trial court thereafter entered a judgment dismissing plaintiffs' cause of action with prejudice.

## DISCUSSION

Each of plaintiffs' three points on appeal challenges the trial court's dismissal without prejudice as a sanction for failing to appear for a physical examination.

Rule 61.01(e) authorizes the imposition of the sanctions listed under Rule 61.01(d)

---

1. Cause No. 012–8946 also filed in the Circuit Court of the City of St. Louis.

for a party's failure to obey a court order directing him or her to appear for a physical examination. Rule 61.01(d)(2) provides that the court may make "an order ... dismissing the action or proceeding or any part thereof or, rendering a judgment by default against the disobedient party."

■ We review a trial court's order imposing sanctions for discovery violations and its choice of sanctions for abuse of discretion. *American Property Maintenance v. Monia*, 59 S.W.3d 640, 646 (Mo. App.2001); *Dobbs v. Dobbs Tire & Auto Centers, Inc.*, 969 S.W.2d 894, 899 (Mo. App.1998). We determine whether the court could have reasonably imposed the sanctions, not whether we would have imposed the same sanctions. *Dobbs*, 969 S.W.2d at 899. A court is justified in applying sanctions if the record reveals a pattern of repeated disregard of a court's order to comply with discovery. *Id.*

I. *Compliance with Order*

■ For their first point, plaintiffs contend that the trial court abused its discretion in dismissing the case because Mrs. Stockman did in fact comply with the trial court's June 22, 2006 order to present herself for examination at Dr. Wedner's offices. Plaintiffs argue that there was no evidence that Mrs. Stockmann failed to obey the order because she completed the telephone interview and blood draw, and went to the doctor's office, but became ill and was thus prevented from being examined.

Plaintiffs contend that this illness demonstrated an "inability" to be examined and that the portion of Rule 61.01(e) relieving a party from sanctions in cases in which a party shows an inability to produce *another* for examination should apply equally to a case in which a party is unable to produce *herself* for examination. Plaintiffs add that the relevant inquiry in federal cases is "whether there has been an unjustifiable refusal to comply," and that Missouri should adopt this standard, finding either that Mrs. Stockmann did not refuse to appear or that her refusal was justified.

This argument has no merit. In the first place, Rule 61.01(e) does not create an exception for *parties* to avoid their discovery obligations. Further, we do not need to discuss how a party's inability to comply or a party's justified refusal to comply should be treated under Rule 60.01(e) because plaintiffs have shown neither. The trial court in this case meticulously informed itself about the circumstances of this examination and crafted an order that deferred to Mrs. Stockmann's concerns about being exposed to latex in the course of the examination. The court provided detailed procedures for Mrs. Stockmann and Dr. Wedner's office to follow to avoid any possibility of exposure, if she was allergic to latex. However, Mrs. Stockmann flagrantly failed to follow the trial court's directions meant to avoid any exposure and, in particular, went into a restroom and used a staircase not contemplated by the order. She then claimed to experience illness after going to these locations. Further, the record also supports the trial court's finding that the Asthma and Allergy Center was not physically dangerous to plaintiff. Any "inability" on Mrs. Stockmann's part to comply with the IME was self-imposed and not justified. Point one is denied.

II. *Evidence of Findings of Contumacious and Deliberate Disregard*

■ For their second point, plaintiffs contend that the trial court abused its discretion in dismissing their case because Mrs. Stockmann presented herself at Dr. Wedner's building in good faith and there was no evidence or findings that plaintiffs

exhibited a contumacious and deliberate disregard for the authority of the court.

It has long been the rule that "pleadings will not be stricken and a default judgment entered for failure to comply with discovery rules unless 'the party has shown contumacious and deliberate disregard for the authority of the court.'" *Sagehorn v. Phillips Petroleum Co.,* 648 S.W.2d 647, 649 (Mo.App.1983) (quoting *In re Marriage of Dickey,* 553 S.W.2d 538 (Mo.App.1977)). Some opinions have held that it is an abuse of discretion for the trial court to impose those sanctions without *finding* that the errant party has shown contumacious and deliberate disregard for the authority of the trial court. *See S.R. v. K.M.,* 115 S.W.3d 862, 865 (Mo.App.2003). However, specific findings are not required if the record shows such disregard. *See Norber v. Marcotte,* 134 S.W.3d 651, 660 (Mo.App. 2004).

Plaintiffs contend that in determining whether a party's conduct rises to the level of contumacious, deliberate disregard, the relevant inquiry is whether the party's conduct in failing to comply with discovery was "willful." Plaintiffs contend that Mrs. Stockmann's actions were not "willful" because she became ill.

The record contains substantial evidence showing Mrs. Stockmann acted with contumacious and deliberate disregard for the trial court's authority. She twice refused to comply with the court's orders to appear for an IME in the first lawsuit, which was based on the same allegations, resulting in monetary sanctions and the dismissal of that lawsuit without prejudice. After re-filing the lawsuit in 2005, Mrs. Stockmann again resisted appearing for an IME before the trial court issued its June 22, 2006 order compelling her to appear. The trial court allowed Mrs. Stockmann to have her blood drawn by her family physician and her medical history taken over the telephone, but she did not comply with either of these requirements, until compelled to do so by another order. Finally, Mrs. Stockmann failed to comply with the court-ordered conditions for safe arrival at her examination, and left the premises without being examined.

■ A pattern of refusals to follow court orders for compliance with discovery justifies a default. *See Norber,* 134 S.W.3d at 660; *Dobbs,* 969 S.W.2d at 899; *Luster v. Gastineau,* 916 S.W.2d 842, 844–45 (Mo. App.1996). Point two is denied.

### III. *Excessiveness of Sanction*

■ In their third point, plaintiffs maintain that the trial court abused its discretion in its choice of sanctions because the dismissal with prejudice exceeded what was necessary to accomplish the purposes of discovery, and lesser sanctions would have been fully curative. Plaintiffs argue that an IME was not essential to defendant's defense, and the trial court should have considered alternatives such as holding "a hearing to determine exactly what would be the impact on the defense of not having [plaintiff] appear at Dr. Wedner's office." Plaintiffs argue that lesser sanctions, such as prohibiting medical evidence used to support future damages, would have been fully curative while still allowing plaintiffs to present the merits of their claims.

The type of sanction imposed under Rule 61.01 "should depend on the nature of the information sought in relation to the proceeding, what orders will best assist the litigant seeking the information, and the benefits and disadvantages to litigants and the court resulting from the sanction chosen." *J.B.C. v. S.H.C.,* 719 S.W.2d 866, 870 (Mo.App.1986). The most serious sanctions, such as dismissal with prejudice, must be reserved for situations in which

the offending party exhibits repeated and protracted failure to comply with the rules of discovery. *See Cosby v. Cosby,* 202 S.W.3d 717, 722 (Mo.App.2006); *see also Zimmer v. Fisher,* 171 S.W.3d 76, 80 (Mo.App.2005); *Houchins v. Houchins,* 727 S.W.2d 181, 184 (Mo.App.1987).

In this case, the trial court expressly stated in its written order granting defendant's motion for sanctions that it had considered and rejected the imposition of other sanctions because they had already been applied in the first lawsuit. It also orally found at the November 20, 2006 hearing on defendant's motion to dismiss that the case could not proceed without an IME.

█ Plaintiffs alleged in their petition that plaintiff suffered from a disabling latex sensitivity from exposure to latex gloves and that defendant's negligence in failing to timely refile her personal injury caused them to lose their claims for compensation from the manufacturer of the latex gloves. A court may order a physical examination of a party when the physical condition of that party "is in controversy." Rule 60.01(a). In a legal malpractice lawsuit, a plaintiff's damages are based on what a plaintiff could have recovered in the underlying lawsuit. *Day Advertising Inc. v. Devries and Assoc.,* 217 S.W.3d 362, 367 (Mo.App.2007). Thus a plaintiff must prove a "case within a case." *Id.* By alleging that she suffered a physical injury and lost her claim to be compensated for it, Mrs. Stockmann clearly placed her physical injury in controversy and provided defendant with good cause for an examination to determine the existence of that injury. *State of Missouri ex rel.C.S. v. Dowd,* 923 S.W.2d 444, 447 (Mo.App.1996). In defending against plaintiffs' lawsuit, defendant had a right to conduct a medical examination to determine the validity of plaintiff's purported illness. *Id.* Further,

defendant adduced evidence that in order to produce reliable results, it was necessary for defendant's expert to examine plaintiff in an office that contained sophisticated equipment. This necessity became more apparent after both of plaintiff's laboratory tests came back negative for a latex allergy.

Plaintiffs had previously been sanctioned with a fine and a dismissal without prejudice for failure to appear for an IME. In light of plaintiffs' repeated and continued failure to comply and the necessity of the IME to the defense, dismissal with prejudice was not an excessive sanction. *See Zimmer,* 171 S.W.3d at 81. Point three is denied.

*Conclusion*

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., J. and KENNETH M. ROMINES, J., concur.