

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| CHAO VANG, | ) | |
| | ) | WD78415 |
| Respondent, | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| CHER'RON BARNEY, | ) | February 2, 2016 |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Robert Lynn Trout, Judge**

**Before Division Four:**
**Alok Ahuja, Chief Judge Presiding,**
**Thomas H. Newton, and James Edward Welsh, Judges**

Ms. Cher'ron Barney appeals the denial of her motion to set aside default judgment. We reverse.

In September 2014, Ms. Barney entered into a lease agreement for a Jackson County property. After moving in, Ms. Barney informed the landlord, Mr. Vang, of the property's substandard living conditions. Receiving no response, in December 2014, Ms. Barney contacted representatives of the City of Kansas City, Missouri, (the City) about the existing housing code violations. Later that month, the leased property was inspected by the City's housing inspector, Marvin Green. In January 2015, the City provided results of the inspection and necessary repairs. Shortly after

receipt of the inspection results Ms. Barney hand delivered a letter to the landlord requesting a 90 Day Notice of Intent to Vacate Without Paying Rent. The next day Mr. Vang filed a Petition to Evict with a hearing set for February 9, 2015. Ms. Barney, current on rent prior to the eviction notice, filed a counterclaim to establish evidence of a retaliatory eviction. According to Ms. Barney, the eviction hearing was held at the Independence Courthouse of Jackson County, a venue unfamiliar to her. The courthouse was under construction with no signs indicating division locations. Ms. Barney entered a courtroom unaware that she was not in Division 32. After all the cases had been called in the courtroom, Ms. Barney spoke to the law clerk who informed her that she was in the wrong courtroom and gave her directions to the correct division. Upon arriving in Division 32, Ms. Barney was told that her case had already been heard, her counterclaims were dismissed, and judgment had been entered against her.

On February 12, 2015, Ms. Barney filed a motion to set aside the judgment asking for a new trial and to reopen the evidence. The trial court denied Ms. Barney's motion on February 27, 2015. This appeal follows.

**Legal Analysis**

Both Appellant and the trial court incorrectly refer to the February 9, 2015, judgment as a "default judgment." "Rule 74.05 provides that a trial court may enter a default judgment '[w]hen a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend* as provided by these rules.'" *Edwards v. Black Twig Mktg. and Commc'ns LLC*, 418 S.W.3d 512, 517 (Mo. App. E.D. 2013). "Where a party has filed an answer, a subsequent judgment is not a default judgment,

2

but a judgment on the merits." *Id*. (quoting *Treetop Vill. Prop. Owners Ass'n v. Miller*, 139 S.W.3d 595, 600 (Mo. App. S.D. 2004)). "Where a party has filed a responsive pleading but then fails to appear at a hearing on the case, a resulting adverse judgment is a judgment on the merits even if the court has struck the party's pleadings." *Id*. at 517-18; *see T.T. v. Burgett*, 330 S.W.3d 577, 581 (Mo. App. W.D. 2012) ("Failure to appear is not by itself sufficient grounds for taking a judgment by default. The failure to appear must be 'inexcusable' for that to justify such a judgment.") "To set aside a 'judgment on the merits,' the proper standard is found in Rule 74.06, not Rule 74.05." *Id*. at 518. Here, Ms. Barney filed a counterclaim, thus Mr. Vang's petition was not unanswered meaning the adverse judgment was a judgment on the merits, not a default judgment.

Because relief under Rule 74.06 involves setting aside a judgment on the merits, it requires the highest scrutiny, "giving effect to the interests in stability of final judgments and precedent." *Gibson v. White*, 904 S.W.2d 22, 24 (Mo. App. W.D. 1995). Thus "the trial court is afforded broad discretion when acting on a Rule 74.06 motion," and the appellate court should not interfere unless the record convincingly shows an abuse of discretion. *Id*. "An abuse of discretion is found where the ruling of the trial court is 'clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.'" *In re Marriage of DeWitt*, 946 S.W.2d 258, 261 (Mo. App. W.D. 1997). "Where reasonable people may differ about the propriety of the action that was taken by [the] court, no abuse of discretion will be found." *Id*.

Ms. Barney's motion to set aside judgment explains that her failure to appear was due to a simple misunderstanding. Rule 74.06(b) governs relief from judgments, stating,

> On motion and upon such terms are as just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect…(3) the judgment is irregular…or it is no longer equitable that the judgment remain in force.

Mistake has been defined as an "erroneous mental condition, conception, or conviction, induced by ignorance, misapprehension, or misunderstanding of the truth, but *without negligence*, and resulting in some act or omission done or suffered erroneously by one or both of the parties to a transaction, but without its erroneous character being intended or known at the time." *Hamm v. Hamm*, 437 S.W.2d 449, 453 (Mo. App. 1969).

In her motion to set aside judgment, Ms. Barney states that the courthouse was under construction with no signs indicating the location of Division 32. Furthermore, she explains that she entered the courthouse before her scheduled hearing and was unaware that she was in the wrong courtroom until all cases for that division had been called. Upon realizing she was in the wrong place, she was directed to the correct division and was informed by the court clerk that her case had already been heard. She then promptly filed a motion to set aside the judgment that the court overruled without a hearing.

Courts have long allowed relief on equitable grounds of mistake. *Levine v. Hans*, 923 S.W.2d 357, 360 (Mo. App. W.D. 1996). Although we find no cases addressing a mistake remotely similar to ours under Rule 74.06(b), we may seek

4

guidance from cases involving a mistake under Rule 74.05(d). *See McClure v. Wingo*, 886 S.W.2d 141, 143 (Mo. App. S.D. 1994). "When the facts of a case allow relief from a mistake constituting good cause under the latter rule, we see no reason why similar facts should not allow relief under the former rule." *Id*. Under Rule 74.05(d), a successful motion to set aside judgment requires expression of good cause for the default and the existence of a meritorious defense. "'[G]ood cause 'includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.'" *Wanda Myers Living Trust v. Nea Lg Le,* 459 S.W.3d 517, 522 (Mo. App. W.D. 2015). "'Good cause should be given a liberal interpretation and includes good faith mistakes…'" *Id*. Under Rule 74.05(d), "'[f]ailure to appear is not by itself sufficient grounds for taking a judgment by default.'" *Id*. "'The failure to appear must be "inexcusable" for that to justify such a judgment.'" *Id*.

Here, Ms. Barney's motion alleges specific facts that would constitute a sufficient "mistake" as to justify relief from the judgment under Rule 74.06(b). Ms. Barney alleges that her failure to appear was unintentional and occurred because of her confusion amid the building construction; she also arrived at the courthouse before her scheduled hearing. Furthermore, Ms. Barney's swift action to find the correct courtroom and file the motion to set aside judgment after realizing her mistake supports her allegation that her failure to appear was simply a misunderstanding made without the intent to impede the judicial process. *See id.* at 523 ("Prompt action by a movant assists in establishing the defendant's good faith required under Rule 74.05(d)").

5

Although we are unaware of any directly relevant precedent under Rule 74.06(b), it is well established under Rule 74.05(d) that "a defendant is entitled to an evidentiary hearing on a motion to set aside a default judgment when the motion satisfies the pleading requirements set forth in the rule." *Taylor v. Ferguson*, 437 S.W.3d 799, 804 (Mo. App. E.D. 2014) (citing *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009)); *Reed v. Reed*, 48 S.W.3d 634, 639-40 (Mo. App. W.D. 2001)(where factual allegations of a respondent's unverified motion to set aside a default judgment "[i]f sufficiently established through competent evidence,…could warrant a finding of good cause by the circuit court," those unverified allegations "were sufficient to warrant an evidentiary hearing on the subject"), *overruled on other grounds by McElroy v. Eagle Star Group, Inc.*, 156 S.W.3d 392 (Mo. App. W.D. 2005); see *also Levine v. Hans*, 923 S.W.2d at 362 ("Rule 74.06(c) provides for a hearing on the motion to set aside the judgment before the court issues a ruling granting the motion.").

The guidance provided by cases decided under Rule 74.05(d) persuades us that the trial court abused its discretion in the instant case. The facts set forth in her motion, if established through competent evidence, could have supported a finding of mistake which is among the acceptable grounds to set aside a judgment without conducting an evidentiary hearing under Rule 74.06(b)[1]. Therefore the trial court's decision to deny Ms. Barney's motion to set aside judgment without providing her an evidentiary hearing is beyond the logic of the circumstances and is an abuse of the

---

[1] Although Ms. Barney's motion did not specifically request an evidentiary hearing and did not provide adequate evidence to be considered a self-proving motion, the language of rules 74.05 and 74.06 does not require a specific request for a hearing or the production of a self-proving motion. These rules simply require that a timely motion be filed.

6

trial court's discretion.  *See Essig v. Essig*, 897 S.W.2d 151, 153-54 (Mo. App. W.D. 1995) (in which the court remanded the case for an evidentiary hearing because the trial court mistakenly believed that time barred it from considering the motion). Hence, we reverse and remand for the trial court to consider evidence in support of Ms. Barney's motion to set aside judgment.

## Conclusion

Under Rule 74.06(b) a judgment may be set aside for "mistake."  Because the motion, if supported by evidence, presents facts consistent with the definition of mistake, denial without consideration is arbitrary, unreasonable, and unjust.  Thus, we reverse and remand for the trial court to consider evidence in support of Ms. Barney's motion to set aside judgment.

<u>/s/ THOMAS H. NEWTON</u>
Thomas H. Newton, Judge


Ahuja, C.J., and Welsh, J. concur.