**Earl HOOKS, Respondent,**

v.

**MHS HOSPITALITY GROUP, LLC, d/b/a Capital Center Inn d/b/a Capital Inn, et al., Appellants.**

**WD 79842 Consolidated with WD 80055**

Missouri Court of Appeals, Western District.

OPINION FILED: MAY 30, 2017

Application for Transfer to Supreme Court Denied June 29, 2017

Richard Leo Rollings, Jr., Camdenton, MO, Counsel for Respondent.

Stephen D. Lanterman, Topeka, KS, Counsel for Appellants.

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor Howard, Judge, Cynthia L. Martin, Judge

Anthony Rex Gabbert, Judge

MHS Hospitality Group, LLC, and Mukhi Hospitality Group, LLC ("Hospitality Groups" collectively) appeal the circuit court's denials of their Rule 74.05 and Rule 74.06 motions to set aside the court's Order and Judgment which ordered judgment by default in favor of Earl Hooks and against Hospitality Groups on Hooks' Petition for Damages. The Petition alleged that Hooks was severely injured after falling into a hole while an invitee on Hospitality Groups' premises. Hospitality Groups assert three points on appeal. First, they contend that the circuit court erred in summarily denying their Rule 74.06 motion for relief from judgment, because the circuit court's final judgment on the merits, entered as a sanction of default judgment pursuant to Rule 61.01, creates a reversible void judgment when no answer had yet been filed to assert their legal defenses in that it denies them the opportunity to raise their defenses to the allegations in violation of their due process rights. Second, Hospitality Groups contend that the circuit court abused its discretion in summarily denying their Rule 74.06 motion for relief from judgment, entering a final judgment on the merits, and entering a sanction of default judgment pursuant to Rule 61.01, when no answer had yet been filed, arguing that this rendered the judgment a reversible irregular judgment be-cause it is materially contrary to the established civil procedure of filing an answer prior to entering a sanction of striking the pleadings in a case and entering a judgment on the merits. Finally, Hospitality Groups contend that the circuit court abused its discretion in denying their Rule 74.05 motion to set aside default judgment by ruling that Hospitality Groups did not file a motion for relief under Rule 74.06, thereby ignoring Hospitality Groups' demonstration of meritorious defenses and good cause as to the default, in that their now disbarred counsel failed to file an answer and, therefore, their default was not intentionally or recklessly designed to impede the judicial process. We affirm.

On February 4, 2015, Hooks filed a Petition for Damages against MHS Hospitality Group, LLC, alleging that Hooks was severely injured after falling into a hole while an invitee at the Capital Center Inn which is owned by Hospitality Groups. An amended petition joining Mukhi Hospitality Group, LLC, was filed on March 20, 2015. MHS Hospitality Group, LLC, was served notice of the action on February 12, 2015, and Mukhi Hospitality Group, LLC, was served notice on April 3, 2015. Initial interrogatories were served on each defendant at the same time the petitions and summonses were served. Hooks' First Request for Admissions was served on Hospitality Groups in May of 2015.

In July of 2015, Hospitality Groups retained counsel to defend the suit. Hospitality Groups' appellate brief states that communication was maintained with defense counsel thereafter, both by email and telephone, regarding the status of the lawsuit. Hospitality Groups avers that, while defense counsel did not formally file an entry of appearance in the matter until February 17, 2016, defense counsel personally appeared before the trial court on behalf of

Hospitality Groups throughout the proceedings, including at a case management conference on September 8, 2015. At that conference, the matter was scheduled for jury trial on September 26, 2016.

Hooks' First Request for Production of Documents and Things was served on Hospitality Groups on October 20, 2015. At that time, Hospitality Groups had responded to none of the previously requested discovery. Hooks' Motion to Enforce Discovery and Suggestions in Support was served that same date. On November 4, 2015, the court entered an order directing Hospitality Groups to answer the opening interrogatories within five days. Hospitality Groups failed to do so.

Hooks' Second Motion to Enforce Discovery and Suggestions in Support was served on Hospitality Groups on November 9, 2015. On November 23, 2015, the court entered an order directing Hospitality Groups to respond without objection to the requests for production within five days. Hospitality Groups failed to do so.

Hooks' Motion for Sanctions was served on Hospitality Groups and their defense attorney on December 4, 2015, with copies of the November 3 and November 23 orders attached. The trial court entered an order on December 16, 2015, finding that, Hospitality Groups had violated the November 3 and November 23 orders of the court, Defendant Mukhi had failed to appear at a properly noticed Rule 57.03 deposition thereby prejudicing Hooks, and that the repeated non-compliance with the court's directives amounted to contempt of court warranting sanctions. The court imposed the following Rule 61.01 sanctions:

(1) Defendants, as the disobedient parties, will not be allowed to support liability defenses or oppose liability claims and will be prohibited from introducing liability matters in evidence;

(2) Defendants' failures to obey are treated as a contempt of court;

(3) Both Defendants and the attorney advising Defendants shall pay the reasonable expenses, including attorney's fees, caused by the failures.

The court entered an order on January 12, 2016, awarding $8,160 in attorney fees and $206.46 in expenses against Hospitality Groups and their attorney, jointly and severally. The order was served on defense counsel.

Hooks served a Notice of Hearing on Hospitality Groups and defense counsel on January 21, 2016, for a status hearing on February 17, 2016. Defense counsel, Jimmy E. Allen, Jr., officially entered his appearance at the February 17, 2016, hearing. Following the hearing the court ordered:

*Within 14 days of this order the Defendant shall provide:

1. All discovery responses to Plaintiff's discovery request;

2. Defendant's Insurance carrier information;

3. File a motion for leave to file an answer out of time with a proposed Answer.

*A status hearing will be held on March 9, 2016 at 1:15 pm.

*The Order of Sanctions of January 12, 2016 is stayed pending the March 9, 2016 hearing. Failure to comply with this order will result in the Court entertaining a request for default judgment.

At the scheduled March 9, 2016, status hearing, no one appeared on behalf of Hospitality Groups. The court noted that Hospitality Groups had not responded to discovery and had not filed responsive pleadings. Counsel for Hooks advised the court that counsel had just learned that

counsel for Hospitality Groups had been barred from the practice of law in Missouri on March 2, 2016. Counsel for Hooks argued, nevertheless, that the delay by Hospitality Groups in responding to discovery was purposeful because counsel had also just learned that Hospitality Groups had been in condemnation proceedings for the sale of the property where Hooks' injury occurred. Counsel for Hooks contended that, defense counsel had indicated via e-mail communication the date of the status hearing that Hospitality Groups did not believe the property was covered by insurance because of a lapse on their insurance policy. Counsel for Hooks contended that "this process was being used as a vehicle to conceal the condemnation proceedings so Plaintiffs could not get a timely judgment and be a judgment creditor and defendants could take the sale of the condemnation proceedings, without any attachments, all to themselves." Counsel for Hooks argued that "this hotel and these defendants continue to run the hotel and make a profit to this day." [1]

At the conclusion of the March 9, 2016, status hearing, the trial court reinstated the sanctions order that it had previously stayed, ordered any pleadings that may have been filed stricken, and found that if no pleadings had been filed as ordered by the court, then Hospitality Groups remained in default. The court entered a Scheduling Order setting the case for a damages hearing on April 1, 2016.

On March 22, 2016, the court entered an Order and Judgment finding that Hospitality Groups had no good cause for failing to comply with the court's "numerous" orders. The court entered judgment by default in favor of Hooks and against Hospitality Groups, pursuant to Rule 61.01. The court sustained the monetary sanctions set forth in its January 12, 2016 order.

On April 1, 2016, the court held a hearing on damages. After taking evidence the court entered a Final Judgment on April 5, 2016, awarding Hooks $841,301.46 in damages.

On June 8, 2016, Hospitality Groups filed a Motion to Set Aside Default Judgment pursuant to Rule 74.05 arguing, among other things, that Hospitality Groups did not intentionally or recklessly impede the judicial process because defense counsel never communicated to the defendants that anything was amiss in this case, never communicated that sanctions had been entered pursuant to the January 12, 2016, Order of the Court, and never communicated that there were problems with discovery. Hospitality Groups contended that they did not learn until after the default judgment was entered that their attorney was not defending the claims and their attorney is now disbarred in Missouri and Kansas. Hospitality Groups contended that they acted in good faith to address Hooks' claims and should not be punished for the malfeasance of

---

1. On November 20, 2015, in Jackson County case #1516-CV24871, the City of Kansas City Missouri filed a Petition in Eminent Domain alleging that Section 4(a) of Ordinance No. 140594 found that the Bannister & I-435 Redevelopment area, which includes 6101 E. 87th Street, "is a blighted area, evidenced by defective or inadequate street layout, unsanitary or unsafe conditions including deterioration and dilapidation of site improvements, excessive vacancies, presence of structures below minimum code standards, lack of venti- lation, light or sanitary facilities." The City sought to use its power of eminent domain to take the property located at 6101 E. 87th Street. On January 26, 2016, the court dismissed the action on its own motion, without prejudice, for failure to prosecute. On February 19, 2016, in Jackson County Case #1616-CV04050, the City again filed a Petition in Eminent Domain to take the property. On February 21, 2017, the City of Kansas City paid $3,100,000 for the property pursuant to the condemnation proceedings.

their hired counsel. Filed with this Motion to Set Aside Default Judgment was an answer to Hooks' First Amended Petition.

On June 21, 2016, the court issued an Order finding that its judgment entered on April 5, 2016, was a final judgment on the merits and overruled Hospitality Groups' Rule 74.05 motion "for a failure to plead any basis to set aside a judgment pursuant to rule 74.06(b)." Hospitality Groups then filed a Motion for Relief from Judgment pursuant to Rule 74.06 which the court subsequently denied. Hospitality Groups separately appealed the court's rulings on each motion; those appeals have been consolidated and are addressed herein.

■ In Hospitality Groups' first point on appeal, they contend that the circuit court erred in summarily denying their Rule 74.06 motion for relief from judgment, arguing that the circuit court's final judgment on the merits, entered as a sanction of default judgment pursuant to Rule 61.01, creates a reversible void judgment when no answer had yet been filed to assert their legal defenses in that it denies Hospitality Groups the opportunity to raise defenses to the allegations in violation of their due process rights.[2] Hospitality Groups contends that the rationale for allowing default judgment as a sanction for failure to comply with discovery stems from the presumption that, if the defendant fails to produce information necessary to dispose of the cause, there is no merit in the asserted defense or the defense is abandoned. Hospitality Groups argues that, the trial court never acknowledged that defense counsel failed to file an answer to the petition and, because Hospital-

ity Groups never filed an answer asserting legal defenses, default judgment as a sanction under Rule 61.01 violated their right to due process. We disagree.

■ "Generally, the trial court's ruling on a motion to set aside a judgment under Rule 74.06 is reviewed for abuse of discretion. However, whether a judgment should be vacated because it is void is a question of law that is reviewed *de novo.*" *Christianson v. Goucher*, 414 S.W.3d 584, 588 (Mo. App. 2013) (internal quotation marks and citation omitted).

Rule 74.06(b)(4) provides that a 'court may relieve a party or his legal representative from a final judgment or order ... [if] the judgment is void.' 'Courts favor finality of judgments, so the concept of a void judgment is narrowly restricted.' *Sieg v. Int'l Envtl. Mgmt., Inc.*, 375 S.W.3d 145, 149 (Mo. App. 2012). A judgment is "void" under Rule 74.06(b)(4) 'only if the court that rendered it lacked subject matter jurisdiction, lacked personal jurisdiction, or entered it in a manner that violated due process. *Id.* "Litigants can request relief from a void judgment pursuant to Rule 74.06(b) at any time." *Franken v. Franken*, 191 S.W.3d 700, 702 (Mo. App. 2006). Hospitality Groups do not dispute the court's personal or subject matter jurisdiction, but contend that the court entered the judgment in a manner that violated due process.

■ Hospitality Groups were required to file an answer to Hooks' petition within thirty days after the service of the summons and petition. Rule 55.25(a). They failed to do so. Based on Hospitality

---

**2.** Hooks contends that Hospitality Groups have failed to preserve their claim of a due process violation by failing to designate the specific constitutional provision that was allegedly violated. As we prefer to resolve an appeal on the merits of the case and can

ascertain Hospitality Groups' arguments despite any alleged deficiencies, we proceed with review of Hospitality Groups' claim. *See Payne v. Markeson*, 414 S.W.3d 530, 545 (Mo. App. 2013).

Groups' failure to timely file an answer to the petition, Hooks was entitled to move for default judgment pursuant to Rule 74.05(a). He did not. Hospitality Groups suggests that the court then had no authority to proceed to hear the merits of the case without an answer having been filed. This is inaccurate. Hooks' failure to move for a default judgment after Hospitality Groups failed to timely file an answer did not deprive the court of the authority to hear the case on the merits.

> Even when an answer is required but not filed, if a cause is tried as if an answer had been filed, on appeal the matter is treated as if an answer traversing the allegations of the petition was filed. This is not to say that the filing of an answer is not required; it is to say that enforcement of the requirement of an answer is waived unless the opposing party invokes its enforcement by timely and proper action.

*Greasel Conversions, Inc. v. Massa*, 399 S.W.3d 456, 461 (Mo. App. 2013) (internal quotation marks and citations omitted); *see also Weidner v. Anderson*, 174 S.W.3d 672, 680 (Mo. App. 2005); *Mahurin v. St. Luke's Hosp.*, 809 S.W.2d 418, 421 (Mo. App. 1991). "Until plaintiff moves for an interlocutory default judgment, a defendant is free to appear and file an answer." *Great Western Trading Co. v. Mercantile Trust Co. Nat. Ass'n*, 661 S.W.2d 40, 44 (Mo. App. 1983). Here, although a timely answer had not been filed, Hospitality Groups signaled to the court an intent to

defend the matter when, on June 30, 2015, they filed a handwritten request to continue the scheduled July 9, 2015, case management conference.[3] The request stated: "Requesting schedule date change to after August because Sli Mukhi Ali, owner, will not be able to fly into Kansas City. He is currently fasting (RAMDAN [sic]) in Orlando, FL. Further questions. Please mail to 6101 E. 87th St., KCMO 64138. Thank You (signature illegible)." The court granted the continuance and reset the matter for September 8, 2015, wherein Hospitality Groups appeared by counsel. At the September 8, 2015, case management conference, the case was set for jury trial on September 26, 2016. Hence, all parties proceeded with the case as if an answer had been filed. A default judgment under Rule 74.05(a) is only applicable if "a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*[.]" (Emphasis added). While Hospitality Groups never filed an answer, they requested a continuance and otherwise defended their interests through the appearance of counsel.[4] Thus, the court's Rule 61.01 sanction of judgment by default was procedurally proper under the circumstances and constituted, not a void judgment, but a judgment on the merits.

 Hospitality Groups contends in their reply brief that we must find the circuit court in error because Hospitality Groups' hired attorney allegedly failed to adequately protect their interests. We de-

---

**3.** We note that this June 30, 2015, request for a continuance contradicts Hospitality Groups' claim on appeal that actual notice was not received until July of 2015. Because the request was filed in June, Hospitality Groups necessarily learned of the suit prior to July. The request for a continuance directed that correspondence be sent to the same address where all prior notice had been sent and made no mention of delayed notice, only indi-

cating an inability to travel to the July 9 hearing for religious reasons.

**4.** "Failure to 'otherwise defend' presumes the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Beeman v. Beeman*, 296 S.W.3d 514, 518 (Mo. App. 2009). Hospitality Groups make no claim that they did not "otherwise defend" their interests.

cline. "Generally, actions of a party's attorney, including procedural neglect that precludes a client's substantive rights, are imputed to the client." *Cotleur v. Danziger*, 870 S.W.2d 234, 238 (Mo. banc 1994). Here, even without imputing the alleged actions of Hospitality Groups' attorney to Hospitality Groups, the record is clear that Hospitality Groups were on personal notice of discovery violations and that continued violations could result in a default judgment being entered against them. Hospitality Groups were personally served initial interrogatories, were personally served a first request for admissions, were personally served a first request for production of documents, were personally served a motion to enforce discovery which included a request for sanctions, and were personally served a second motion to enforce discovery which included a motion for sanctions and copies of the court's previous orders. Given this personal notice, Hospitality Groups' claim, that their attorney failed to inform them of discovery violations and, therefore, they had no knowledge of discovery violations, is disingenuous; the personal notice Hospitality Groups received would have put any reasonable person on alert that their interests were in jeopardy. We cannot find that the court acted in a manner inconsistent with due process by denying Hospitality Groups' Rule 74.06 Motion for Relief from Judgment where, even if the averments Hospitality Groups makes on appeal are true regarding their attorney/client communications, Hospitality Groups chose to believe that matters in the case were being handled in spite of repeated personal notice to the contrary. Contrary to Hospitality Groups' contention on appeal, they were given ample notice and opportunity to raise defenses, including an opportunity to

file an answer out of time; the fact that they did not is not court error.[5] Hospitality Groups' first point on appeal is denied.

■ In Hospitality Groups' second point on appeal, Hospitality Groups contend that the circuit court abused its discretion in summarily denying their Rule 74.06 motion for relief from judgment, entering a final judgment on the merits, and entering a sanction of default judgment pursuant to Rule 61.01, when no answer had yet been filed, rendering the judgment a reversible irregular judgment, in that it is materially contrary to the established civil procedure of filing an answer prior to entering a sanction of striking the pleadings in a case and entering a judgment on the merits. Hospitality Groups argues that "if there is no answer filed in the case, it cannot be struck under 61.01, and therefore, because there are no pleadings to procedurally strike, the court cannot enter a judgment upon the merits."

■ We review the trial court's ruling on a motion to set aside a judgment under Rule 74.06 for an abuse of discretion. *In re Marriage of Hendrix*, 183 S.W.3d 582, 587 (Mo. banc 2006). "Because relief under Rule 74.06 involves setting aside a judgment on the merits, it requires the highest scrutiny, 'giving effect to the interests in stability of final judgments and precedent.'" *Vang v. Barney*, 480 S.W.3d 473, 475 (Mo. App. 2016) (quoting *Gibson v. White*, 904 S.w.2d 22, 24 (Mo. App. 1995)). Thus, we afford the trial court broad discretion when ruling on a Rule 74.06 motion and will only interfere when the record "convincingly" shows an abuse of discretion. *Vang*, 480 S.W.3d at 475. An abuse of discretion requires that the court's ruling is " 'clearly against the logic of the circumstances then before the court

**5.** The trial court ordered at the February 16, 2016, hearing that a motion for leave to file

an answer out of time be filed as well as a proposed answer.

and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.' " *Id.* (quoting *In re Marriage of DeWitt*, 946 S.W.2d 258, 261 (Mo. App. 1997)).

■ Under Rule 61.01, struck pleadings are not a prerequisite for judgment by default. Rule 61.01 provides that, where a party has failed to respond to discovery, the court "may, upon motion and reasonable notice to other parties, take such action in regard to the failure as are just and among others . . . [e]nter an order striking pleadings or parts thereof *or* dismissing the action or proceeding or any part thereof *or* render a judgment by default against the disobedient party." (Emphases added). Rule 61.01(b)(1); *Treetop Village Property Owners Ass'n v. Miller*, 139 S.W.3d 595, 601 (Mo. App. 2004). Hence, the court was entitled by Rule 61.01 to render a judgment by default without first striking pleadings.[6] Consequently, the court's denial of Hospitality Groups' Rule 74.06 motion for relief from judgment was not clearly against the logic of the circumstances then before the court and there is no abuse of discretion. Hospitality Groups' second point on appeal is denied.

■ In their third point on appeal, Hospitality Groups contend that the circuit court abused its discretion in denying their Rule 74.05 motion to set aside default judgment by ruling that Hospitality Groups did not file a motion for relief under Rule 74.06, thereby ignoring Hospitality Groups' demonstration of meritorious defenses and good cause as to the default, in that their now disbarred hired counsel failed to file an answer and, therefore, their default was not intentionally or

recklessly designed to impede the judicial process.

■ We review the denial of a Rule 74.05(d) motion to set aside a default judgment for abuse of discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007).

■ The court's judgment in this case was a default judgment entered as a sanction for discovery violations pursuant to Rule 61.01. As such, it was a judgment on the merits and not a true default judgment. *Keithley v. Shelton*, 421 S.W.3d 502, 506 (Mo. App. 2013). "While setting aside a default judgment is governed by Rule 74.05(d), that rule does not apply to setting aside a judgment on the merits." *Id.* "Setting aside a judgment rendered on the merits is governed by Rule 74.06." *Id.* "A litigant who has a judgment imposed upon him as a result of sanctions may move under Rule 74.06 to set aside the judgment." *Duvall v. Maxey*, 249 S.W.3d 216, 220 (Mo. App. 2008). Hospitality Groups' arguments that they had a meritorious defense and established good cause for their default are not applicable to a judgment for sanctions under Rule 61.01. *Id.* Consequently, the circuit court did not abuse its discretion in denying Hospitality Groups' Rule 74.05 motion to set aside the default judgment "for a failure to plead any basis to set aside a judgment pursuant to rule 74.06(b)." Point three is denied.

We conclude, therefore, that the circuit court did not act inconsistent with due process of law and create a void judgment when it entered a judgment of default as sanctions for Hospitality Groups' failure to respond to discovery. While otherwise defending the case, Hospitality Groups chose not to file an answer and received ample

---

**6.** We note that, at the time the court entered a judgment of default the court also "out of an abundance of caution" struck any Hospitality

Groups' pleadings that may have been filed in the matter.

notice of the discovery violations which went unheeded. Further, the circuit court did not abuse its discretion in issuing a judgment by default as a sanction for Hospitality Groups' discovery violations, without an answer having first been filed in the case, because Rule 61.01 authorizes a court to render a judgment of default for discovery violations without first striking pleadings. Finally, the court did not abuse its discretion in denying Hospitality Groups' Rule 74.05 motion to set aside default judgment as Rule 74.05 motions are inapplicable to Rule 61.01 judgments of default. The circuit court's judgment is affirmed.

All concur.