

# In the Missouri Court of Appeals
# Eastern District

SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED107634 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Washington County |
| v. | ) | 14WA-CR00004-01 |
| | ) | |
| JAMES DECLUE, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | Honorable Wendy L. Wexler Horn |
| LEXINGTON NATIONAL INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Surety-Appellant. | ) | |
| | ) | Filed:  November 26, 2019 |

## OPINION

Lexington National Insurance Corporation ("Lexington"), surety on the bond for James

DeClue ("Defendant") appeals the judgment of the trial court denying its Motion to Vacate

Judgment and Amended Motion to Set Aside the Declaration of Bond Forfeiture.  We affirm.

## BACKGROUND

Defendant was charged with multiple counts of first-degree statutory sodomy and firstdegree child molestation. Bond was set in the amount of $90,000.00. A local bonding agent, Dave Shy ("Shy") posted bond to secure Defendant's release. Lexington acted as the surety for Defendant's bond. Defendant pled guilty to one count of first-degree child molestation.[1] He was scheduled to be sentenced on July 18, 2016, when he failed to appear. The court issued a declaration of bond forfeiture and notice of hearing, and scheduled a bond forfeiture hearing for August 15, 2016. The declaration of bond forfeiture and notice of hearing was mailed to Lexington pursuant to Missouri Supreme Court Rule 33.14.[2] The court ordered the bond forfeited and entered judgment against Lexington for $90,000.00 on November 28, 2016, following a hearing on November 21, 2016.[3] Lexington did not file any post-judgment motion or appeal of this judgment, but rather Lexington filed a notice of satisfaction of judgment on May 19, 2017.

On June 15, 2017, Lexington first filed a Motion to Set Aside Bond Forfeiture and to Release Surety, asserting that Defendant was "surrendered to the Travis County Jail, on May 26, 2017." Lexington argues that because Defendant was in the custody of Travis County Law Enforcement, Lexington should be released as surety. Defendant was ultimately returned to court and sentenced on July 17, 2017. On March 12, 2018, Lexington filed a subsequent Motion to Vacate Judgment and Amended Motion to Set Aside Declaration of Bond Forfeiture further asserting the judgment of bond forfeiture was void for lack of written motion filed by the State

---

[1] The State nolle prosequied the remaining counts.
[2] All further references to Rules are to Missouri Supreme Court Rules (2019).
[3] The court continued the hearing on August 15 and again on October 24, 2016.

and failure to serve Lexington with said motion. The court denied Lexington's motions and the present appeal follows.[4]

## DISCUSSION

Lexington presents three points on appeal. The first two concern the trial court's denial of its motion to vacate pursuant to Missouri Supreme Court Rule 74.06. In point one, Lexington argues the judgment of bond forfeiture should have been vacated because it was void for want of jurisdiction and due process. In point two, Lexington claims the judgment was irregular and should have been vacated because it was entered without following the controlling procedures set forth by the applicable Rules and statutes. In its third point on appeal, Lexington argues the trial court erred in refusing to set aside the declaration of bond forfeiture because Section 374.770 RSMo (2016)[5] provides the forfeiture should be set aside if the surety can prove the defendant is incarcerated elsewhere in the United States and Lexington presented the court with such proof.

### *Standard of Review*

Generally, we review the trial court's decision concerning a motion to set aside a judgment under Rule 74.06 for abuse of discretion. *Hooks v. MHS Hospitality Group, LLC*, 526 S.W.3d 136, 142 (Mo. App. W.D. 2017) (internal citations omitted). The question of whether a judgment should be vacated because it is void is a question of law and subject to *de novo* review. *Id*.

---

[4] The trial court initially denied only the motion to set aside the declaration of bond forfeiture and did not rule on Lexington's motion to vacate. Our court dismissed Lexington's appeal of this judgment for lack of final judgment. *State v. DeClue*, 564 S.W.3d 755 (Mo. App. E.D. 2018). The trial court ruled upon both the motion to set aside the bond forfeiture and the motion to vacate, thus we have jurisdiction to consider this appeal.

[5] All further statutory references are to RSMo (2016).

*Analysis*

In its first point, Lexington argues the trial court's judgment of bond forfeiture should be set aside under Rule 74.06 because it is void. Lexington argues that because the trial court failed to follow the required procedure under Rule 33.14, the judgment was entered without jurisdiction and in violation of Lexington's due process rights.

Pursuant to Rule 74.06(b)(4), a court may vacate a final judgment if the judgment is void. Courts favor final judgments; therefore, the concept of a void judgment is narrowly construed. *Hooks*, 526 S.W.3d at 142. A judgment is void only if the court lacked subject matter or personal jurisdiction, or the judgment was entered in a manner that violated due process. *Id*. Lexington argues the trial court's judgment of bond forfeiture was entered without jurisdiction[6] and in violation of due process because the court did not follow the notice and pleading requirements set forth in Rule 33.14. Rule 33.14 states, in relevant part, that the trial court may set aside the bond forfeiture "if it appears that justice does not require the enforcement of the forfeiture." The Rule further states if the forfeiture is not set aside, "the court *shall on motion* enter a judgment of default and execution may issue thereon." (emphasis added). The Rule does not specify that the motion must be in writing. Rule 33.14 states the "motion and such notice of the hearing as the court prescribes may be served on the clerk of the court, who shall forthwith mail a copy to each of the obligors."

---

[6] Lexington does not challenge personal jurisdiction, but only claims the court entered judgment without subject matter jurisdiction because it failed to follow the procedure set forth in Rule 33.14. However, as the Missouri Supreme Court stated in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009), the present case is a civil case, and therefore the court has subject matter jurisdiction as set forth in Article V of the Missouri Constitution.

According to Lexington, there is nothing in the record to indicate the State filed a motion to enter judgment on the declaration of bond forfeiture.[7] However, in its brief the State asserts it made an oral motion for bond forfeiture during the November 21, 2016 hearing. A docket entry regarding the hearing supports this assertion, stating, "[c]ourt takes upon State's Motion for Bond Forfeiture and sustains same." In addition, the November 28, 2016 judgment ordering the bond forfeited states, "[t]he cause was considered on the State's motion." Thus, the record supports the State's assertion it made an oral motion to have the bond forfeited, and such an oral motion could be sufficient under Rule 33.14 which allows the court to enter judgment "on motion" without specifically requiring a written motion.

Moreover, we note that Rule 33.14 does not specify upon whose motion a judgment shall be entered. Instead, it simply says "the court shall on motion." Even assuming, *arguendo*, the State did not make such a motion, the plain language of the Rule allows the court to act on its own motion.

Following Defendant's failure to appear, the record shows the court issued the declaration of bond forfeiture and notice of hearing on July 21, 2016. As required by Rule 33.14, once provided to the clerk of the court, the clerk mailed copies to the obligors, including Lexington. Therefore, Lexington was provided with notice of the bond forfeiture and hearing thereupon. The hearing was subsequently continued, and a docket entry reflects that the parties were notified of the new date. The hearing was again continued with notice of the hearing specifically reflected in the docket entries. The hearing was ultimately held on November 21,

---

[7] We agree with Lexington the record made by the trial court in this case was rather limited. The majority of the information regarding the underlying proceedings rests upon the docket entries and pleadings in the case. The better practice would have been to hold the bond forfeiture hearing on the record. However, because the pleadings and docket entries provide us with sufficient information from which to decide this case, the lack of formal record of the hearing is not dispositive.

2016. The docket entry reflects that counsel for Lexington appeared[8] and the bond was ordered forfeited. Thereafter, Lexington satisfied the judgment in May 2017, and did not file a motion to set aside the bond forfeiture until June 15, 2017. Lexington did not file any post-judgment motion or appeal the judgment prior to this motion, nor did Lexington make any complaint regarding the entry of the judgment absent sufficient notice and opportunity to be heard.

Following multiple continuances of the original motion to set aside the bond forfeiture, Lexington subsequently filed its Motion to Vacate Judgment and Amended Motion to Set Aside Declaration of Bond Forfeiture on March 12, 2018. Both motions were ultimately denied by the court. The record reflects Lexington was provided with substantial notice and opportunity to be heard regarding the bond forfeiture. Thus, we cannot conclude Lexington was denied due process in this regard sufficient to render the judgment of the trial court ordering the bond forfeited void. Point one is denied.

In its second point on appeal, Lexington argues the court erred in denying its motion to vacate pursuant to Rule 74.06 because the judgment ordering forfeiture was irregular. However, Lexington raises the issue of irregularity for the first time on appeal. Lexington's motion to vacate asserts only that the judgment ordering the bond forfeited is void under Rule 74.06. Lexington did not assert any argument concerning the irregularity of the judgment in its motion, and therefore, we cannot convict the trial court of error on an issue not presented to it to decide. *See Sisk v. McIlroy and Assoc.*, 934 S.W.2d 567, 574 (Mo. App. S.D. 1996).

---

[8] Lexington attempted to supplement its motion to vacate with an affidavit from Mark T. Holtschneider, the Executive Vice President and General Counsel for Lexington, asserting that it did not request the assistance of Alya Chadborne, counsel who appeared for the hearing even though her firm subsequently filed the motion to set aside the bond forfeiture. It is unclear from the sparse record before us whether the trial court considered this supplemental affidavit. However, the affidavit does not refute the ample evidence of due process afforded to Lexington. In fact, the affidavit specifically acknowledges and serves as further support that Lexington received the declaration of bond forfeiture and notice of hearing well before the November 2016 hearing.

In addition, even assuming Lexington's motion to vacate sufficiently presented the issue of irregularity to the trial court to decide, Rule 74.06(c) requires a motion to vacate a judgment arguing it is irregular to be filed "not more than one year after the judgment or order was entered." The judgment ordering the bond forfeited was entered November 26, 2016. Lexington's motion to vacate was filed March 12, 2018, well over a year after the judgment was entered. Thus, the motion was not timely filed with respect to any argument of irregularity of the judgment.

As a result of the foregoing, Lexington's second point on appeal is denied.

In its third and final point, Lexington argues that the declaration of bond forfeiture should have been set aside because pursuant to Section 374.770, if the surety can prove the defendant is incarcerated elsewhere in the United States, the forfeiture must be set aside. Defendant was incarcerated in Texas in May 2017, and according to Lexington, no valid judgment of forfeiture was entered before Lexington asserted Defendant was incarcerated elsewhere in the United States. Lexington acknowledges its argument fails under *State v. Goodrich*, 12 S.W.3d 770 (Mo. App. W.D. 2000),[9] absent a finding that the judgment ordering bond forfeiture is void or irregular and should be vacated. However, because we conclude the November 28, 2016 judgment was not void or irregular, Lexington's third point fails under *Goodrich* because Defendant was not incarcerated until May 2017. Point three is denied.

**CONCLUSION**

The judgment of the trial court is affirmed.

---

[9] The court in *Goodrich* held that the provision regarding incarceration elsewhere in the United States in Section 374.770.1, read together with Rules 33.13 and 33.14 provide for setting aside the order of forfeiture prior to entry of judgment on such forfeiture. *Id*. at 771. It does *not* apply if the court has entered judgment on the forfeiture and the judgment has become final. *Id*.

7

_____
Lisa P. Page, J.


Philip M. Hess, P.J. and Kurt S. Odenwald, J., concur.